In re Sandra COOK, Debtor.

Phillip COOK, Plaintiff,

v.

Sandra COOK, Defendant.

Bankruptcy No. 80–01588–BKC–TCB.

Adv. No. 81–0318–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

July 31, 1981.

David J. Palgon, Miami, Fla., for debtor.

James D. Adams, Miami, Fla., for plaintiff.

Jeanette Tavormina, Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's ex-husband seeks a determination that the debtor's obligation to him (about $9,000) under their property settlement agreement is nondischargeable under 11 U.S.C. § 523(a)(2)(A). He also asks that the automatic stay be lifted under § 362(d) so that he may continue his effort in State court to rescind his conveyance to her of the marital home pursuant to the same agreement. (C.P. No. 1). The wife has answered and asked that her former husband be enjoined from proceeding in the State court. (C.P. No. 6). The matter was tried before me on July 30.

The parties' Separation and Property Settlement and Custody Agreement of June 19, 1980, is clear and comprehensive. It provides for the husband to quitclaim to the wife his interest in their Hialeah house worth perhaps $45,000 and for her to assume the mortgage, $10,000. Paragraph 6A. It also provides with respect to 15 joint debts that she:

"... agrees to be solely and fully responsible for these accounts and to fully indemnify and save harmless the Husband from these obligations within sixty (60) days from the date of this Agreement."

Seven of these accounts are charge accounts ($2,860); five are utility accounts, and two are notes ($6,000). Paragraphs 6B and 6C.

The husband conveyed the house. The wife has kept up the mortgage and utility accounts. She has not, however, paid the remaining debts. She seeks by this bankruptcy, filed four months after the Agreement, to discharge her obligation to all her creditors including her ex-husband.

■ Section 523(a)(2)(A) excepts from discharge any debt:

"(2) for obtaining ... property ... by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition ..."

It is settled that this provision requires proof of an intentional wrong as distinct from an implied fraud or an imputation of bad faith. The misrepresentation must also be shown to have been made knowingly and fraudulently and that it was reasonably relied upon by the aggrieved party. *Collier on Bankruptcy* (15th ed.) § 523.08[4].

"A mere promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach. Ibid. n. 17.

The ex-husband has offered parol testimony that the wife may have intimated that she would put a second mortgage on the house to pay these debts. I reject this testimony on the ground that it seeks to vary or add to the terms of an unambiguous writing. There is no need to resort to parol testimony in this instance. 23 *Fla.Jur.2d*, Evidence and Witnesses, § 332.

■ I find that plaintiff has failed to carry his burden of showing something more than a mere promise to be executed in the future. It is irrelevant whether the wife's subsequent breach is excusable or not and I make no finding on that disputed issue.

This case is clearly distinguishable from those cases where a bankrupt bought goods on credit under circumstances where it is clear that he never had any intention of paying for them. In this instance, the wife hoped to borrow money from her family or from her employer's credit union. She earns about $20,000 from an airline. She attempted to borrow the money. There is no basis for me to find that she never intended to pay these bills.

It follows that plaintiff is not entitled to exemption of his claim from discharge.

■ Plaintiff also seeks modification of the automatic stay to pursue his effort in State court to set aside the conveyance of his interest in the house. Section 362(c)(1) provides that:

"... the stay of an act against property of the estate ... continues until such property is no longer property of the estate ..."

The wife has claimed the house as exempt. No party has disputed that claim. She occupies it with her children. The parties agree that it is exempt under Florida law. The stay is, therefore, terminated with respect to the house in question which is no longer property of this estate. The plaintiff is, therefore, free to pursue his State court proceeding.

The discharge of the wife's obligation would not, as I see it, necessarily preclude Judge Barad, before whom the State matter is pending, from finding a basis to avoid the transfer of the house. I do not intend by anything said here to invade his province with respect to that issue.

The ex-husband has suggested in argument that this court abstain completely from passing on this case under § 305. Because the determination of dischargeability is an issue exclusively assigned to this court, abstention would be inappropriate and could lead to confusion.

There has been no basis shown on the record before me to enjoin the husband from proceeding in the State court on the application discussed above or on a suggestion of contempt, also filed by the husband in the State court.

As is required by B.R. 921(a), a separate judgment will be entered declaring the debtor's obligation to the plaintiff under paragraphs 6B and C of the Agreement which is before me dischargeable. Because the automatic stay has terminated under 11 U.S.C. § 362(c)(1), all other relief sought by plaintiff is denied. The debtor's counterclaim is also denied. Each party shall bear his own costs.