**In the Matter of William Concepcion CRUZ and Laura Esther Ortiz Ramos, Debtor.**

**Bankruptcy No. B–86–02236(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

May 8, 1987.

As Amended July 3, 1987.

Judith Baez Muñoz, Guayama, Puerto Rico, for debtor.

Rafael A. Rivera Cruz, San Juan, Puerto Rico, for Asociacion de Empleados E.L.A.

### OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Bankruptcy Judge.

This matter is before the Court on the motion by Asociación de Empleados del

E.L.A. de P.R. (Asociación) objecting to the confirmation of debtors' chapter 13 plan on the grounds that the plan has not been proposed in good faith.

This case came for a hearing on confirmation on May 5, 1987. The Asociación presented its objection and argued that the Bankruptcy Code embodies a legal presumption of a fraudulent transaction when sections 1325 and 523 of Title 11, United States Code, are jointly considered. The facts which allegedly place debtors under section 523 are that a loan was obtained on November 4, 1984, that payments on the loan were due to commence in January 1987, and that debtors filed their bankruptcy petition on December 1, 1986.

Section 1325 of Title 11, United States Code, establishes the requirements to confirm a chapter 13 plan. One of the requirements is that "the plan has been proposed in good faith and not by any means forbidden by law". 11 U.S.C. § 1325(a)(3). In order to determine whether a chapter 13 plan has been proposed in good faith the court must view the case from a broad perspective and consider all relevant factors. A list of factors can be found in *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir. 1982) and *Kitchens v. Georgia Railroad Bank and Trust Co.,* 702 F.2d 885 (11th Cir.1983). The court in *Deans, supra,* considered the following: the percentage of proposed repayment, the debtors' financial situation, the period of time payment will be made, the debtors' employment history and prospects, the nature and amount of unsecured claims, the debtors' past bankruptcy filings, the debtors' honesty in representing facts, and any unusual or exceptional problem facing the particular debtor. A similar list can be found in *Kitchens.* A determination of whether a plan has been proposed in good faith depends thus on the particular circumstances of the debtors. In this case the only factual allegation is that debtors filed for bankruptcy prior to commencing the repayment of the loan to Asociación. Such a bare allegation is not by itself legally sufficient to discharge the objecting party's initial burden of proof to establish that the plan was not presented in good faith.

Moreover, as stated in open court, the Court questions the applicability of section 523(a) to a chapter 13 case at this stage of the proceedings. Section 523 lists the exceptions to discharge. Section 523(a) applies to a discharge under section 1328(b), more commonly known as the "hardship discharge." The hardship discharge is granted to a debtor that has not completed payments if:

"(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title [11 USCS §§ 701 et seq.] on such date; and

(3) modification of the plan under section 1329 of this title [11 USCS § 13291 is not practicable." 11 U.S.C. § 1328(b).

A discharge granted to a debtor who has completed payments under the chapter 13 plan is governed by section 1328(a) and excepts *only* two kinds of debts—those provided for under section 1322(b)(5) and those specified in section 523(a)(5). Section 1322(b)(5) concerns secured debts for "which the last payment is due after the date on which the final payment under the plan is due." The section 523(a)(5) exception to discharge is alimony and child support payments. Neither is in question in this case.

The only provision that may arguably apply to this case is section 523(a)(2)(A) which excepts from discharge loans obtained through false pretenses, false representation or actual fraud. Such an exception may come into play only under the setting of a hardship discharge under section 1328(b), but is not applicable to a section 1328(a) discharge. Since the plan has not yet been confirmed, and much less, is the case ripe for the granting of a discharge, the argumentation is, at best, pre-

mature. Section 523(a)(2)(A) gives a creditor a reason to object to the dischargeability of a particular debt through the appropriate procedure, that is, the filing of an adversary proceeding. See Rule 4007(e) of the Bankruptcy Rules.

In view of the foregoing, the Asociación's objection to the confirmation of the chapter 13 plan is hereby denied.

The balance of the amounts owed to Cooperative shall be deemed to be a general *unsecured* claim.

SO ORDERED.

Robert M. Musselman, Charlottesville, Va., for appellants.

William E. Shmidheiser, III, Harrisonburg, Va., for Miller Estate.

Kermit L. Racey, III, Woodstock, Va., for Haynes Corp.

Douglas T. Stark, Harrisonburg, Va., for Leake.