**In re Pedro GONZALEZ SEIJO, Debtor.**

**Ferreteria CASTILLA, Plaintiff/Movant,**

**v.**

**Pedro GONZALEZ SEIJO, Hans Lopez Stubbe, Trustee, Defendant/Respondent.**

**Bankruptcy No. B–84–00486(ESL).**
**Adv. No. 85–0202.**

United States Bankruptcy Court,
D. Puerto Rico.

July 9, 1987.

Juan Castañer Vélez, Bayamón, P.R., for debtor.

Arturo González Martín, Hato Rey, P.R., for plaintiff/movant.

Hans López Stubbe, Caparra Heights, P.R., Trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On June 10, 1985 Ferretería Castilla, Inc. (Ferretería) filed the instant proceeding against Pedro González Seijo (González), the debtor in the captioned bankruptcy case, objecting to the dischargeability of its debt on the grounds that credit was extended through false pretenses, false representations or actual fraud, and, consequently, 11 U.S.C. § 523(a)(2)(A) barred its discharge. Upon the conversion of the bankruptcy case from Chapter 13 to Chapter 7 on January 3, 1986, the plaintiff filed an amended complaint to include the Chapter 7 trustee as an indispensable party. The cause came before the Court on December 15, 1986 for a trial on the merits. At the trial the parties agreed that there were no facts in dispute and opted to stipulate the facts and then submit the matter to the Court on the basis of legal memoranda to be filed. The memoranda having been filed, the Court now proceeds to enter the following findings of facts and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules:

### Findings of Fact

1. On December 14, 1983 Pedro González Seijo signed and drew check number 6716 from the account of his wholly owned corporation, Pedro González Seijo Construction Corp., in favor of Ferretería Castilla, Inc. for the amount of $3,579.70.

2. Check number 6716 was dated December 22, 1983 and at the time of issuance (December 14, 1983) the same was postdated.

3. At the time of issuance of check number 6716, González was indebted to Ferretería. The check was drawn in order for González to obtain additional credit from Ferretería.

4. After delivery of the postdated check, González did receive merchandise on credit from Ferretería.

5. Check number 6716 was deposited after its stated date, that is, after December 22, 1983, and the same was returned by the bank for insufficient funds.

6. No further credit was extended by Ferretería once it received the check returned for insufficient funds.

7. González issued two checks of four hundred dollars ($400.00) each to cover the returned check. The first check is dated January 27, 1984 and the second is dated February 15, 1984.

8. Ferretería accepted the two partial payments of four hundred dollars ($400.00) as partial payment of González' debt.

### Conclusions of Law

■ Ferretería filed the instant adversary proceeding pursuant to Bankruptcy Rule 7001(6).[1] The action is a core proceeding over which this Court has jurisdiction to hear, determine and enter the appropriate order. 28 U.S.C. §§ 157(b)(1), 157(b)(2)(I) and 28 U.S.C. § 1334.

Ferretería relies on 11 U.S.C. § 523(a)(2)(A) to object to the dischargeability of its debt. Section 523(a)(2)(A) states that:

"(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title [11 USCS § 724, 1141, 1228(a), 1228(b), or 1328(b) ] does not discharge an individual debtor from any debt—

(1) ...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

..."

■ The Courts[2] have established that there are six basic elements to an action to object to the dischargeability of a debt pursuant to section 523(a)(2)(A) of the Bankruptcy Code. These are:

1. A representation made by the debtor;

2. That the debtor knew was false when made;

3. That the debtor made with intent to deceive;

4. On which the creditor reasonably relied;

5. The creditor was injured; and

6. The injury was the proximate result of the false representation.

The plaintiff has the burden to establish the above enumerated factors. When the plaintiff alleges that the debtor had the intent to defraud the debtor, obtain credit through false representations or false pretenses, the knowledge and intent elements must be established through "clear and convincing evidence." *In re Taylor*, 58 B.R. 849, 855 (Bankr.E.D.Va.1986); *In re Graziano*, 35 B.R. 589 (Bankr.E.D.N.Y. 1983); *In re DeRosa*, 20 B.R. 307 (Bankr.S. D.N.Y.1982).

The inferences which the Court makes from the stipulated facts can be summarized as follows: González, the debtor, in need to obtain merchandise to continue operations contacts its supplier, Ferretería. González owes Ferretería. He wants to pay Ferretería but has no available cash. Ferretería is aware of this fact. González draws a postdated check for the amount owed and requests further credit from Ferretería. Ferretería knows that González does not have the cash on hand but relies and trusts that the check will have funds by December 22, 1983. Ferretería, using sound business practice, deposits the postdated check as soon as its stated date is due. González could not cover the check and the same bounces for insufficient funds. González, in an effort to make his promises true, draws two checks for four hundred dollars ($400.00) each to reduce the amount of the returned check. Ferretería accepts payment but feels defrauded because it extended credit based upon a promise which was not kept. Shortly

1. This proceeding states a claim upon which relief may be granted since the case was converted to chapter 7. A creditor may not object to the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) in a petition under chapter 13 of the Bankruptcy Code unless the debtor moves the Court for a hardship discharge under 11 U.S.C. § 1328(b). *In re Concepcion Cruz*, 75 B.R. 56 (Bankr.P.R.1987).

2. *In re Norton*, 34 B.R. 666 (Bankr.D.Ariz.1983); *In re Kreps*, 700 F.2d 372 (7th Cir.1983); *In re Haddad*, 21 B.R. 421 (BAP 9th Cir.1982). See also *In re Houtman*, 568 F.2d 651 (9th Cir.1978).

thereafter, on May 1, 1984, González files for bankruptcy.

The court in *Re Buttendorf*, 11 B.R. 558, (Bankr.Vt.1981) was faced with a similar factual setting and held that the issuance of bad checks did not by themselves prove an intent to defraud and would not defeat the dischargeability of a debt absent a showing of moral turpitude or intentional wrong. The debtors' promise to make payment in *Buttendorf* was made in good faith but could not come through due to economic reverses. A plaintiff must show that the implied representations made by the debtor were known by the debtor to be false. *In re Beach*, 13 B.R. 759 (Bankr.M.D.Ala.1981). The plaintiff must go beyond showing something more than a mere promise to pay at a future date. *In re Cook*, 13 B.R. 189 (Bankr.S.D.Fla.1981).

The facts of this case show that González made a good faith promise to pay at a future date the amounts owed. That the postdated check, that is, the promise to pay, did not have sufficient funds, cannot be translated automatically to constitute "clear and convincing" evidence that the same was drawn with intent to deceive or with knowledge that there would not be sufficient funds at the stated date to cover the same. Plaintiff had to show something more to establish the knowledge and intent factors. That something is absent from the stipulated facts. Section 523(a)(2)(A) requires a finding of actual fraud to establish the moral turpitude required to bar discharge. *Matter of Anderson*, 10 B.R. 296, 298 (Bankr.W.D.Wis.1981). See also 3 Collier on Bankruptcy (15th Ed.), ¶ 523.-08(05), compare with *In re Kurdoghlian*, 30 B.R. 500 (9th Cir.BAP 1983) wherein the debtor's issuance of bad checks was considered a conscious disregard tantamount to actual knowledge of insufficient funds.

■ The Court is constrained to find for the defendant. The fact that the checks were returned for insufficient funds cannot, by itself, establish the knowledge and intent necessary to bar the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A). Something more was neces-

sary and it was not presented to the court. More so when there is evidence that the debtor tried to make good on his promise by delivering the two four hundred dollars ($400.00) checks and the plaintiff accepted them. Such action runs contrary to the moral turpitude necessary to be established under section 523(a)(2)(A).

### *Conclusion*

In view of the foregoing, the court finds for the debtor-defendant. Plaintiff has failed to establish through clear and convincing evidence the debtor's intent to defraud or his knowledge that the representations were known to be false at the time they were made. The Clerk shall enter judgment dismissing the complaint.

If no appeal is taken within ten (10) days from entry of judgment in the instant adversary proceeding, an order granting discharge shall be entered in the bankruptcy case.

IT IS SO ORDERED.