In re Rita M. DeSIMONE, Debtor.

Bankruptcy No. 81–02575G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 26, 1982.

Jack K. Miller, Philadelphia, Pa., for debtor, Rita M. DeSimone.

George M. Bobrin, Philadelphia, Pa., for Jay Eichler and Mary Eichler.

James J. O'Connell, Philadelphia, Pa., Trustee.

### OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented is whether the creditors have brought a valid objection to the confirmation of the debtor's chapter 13 plan. We conclude that the creditors' objection is deficient on both procedural and substantive grounds and will, accordingly, confirm the debtor's plan.

The facts of the instant case are as follows: [1] On July 2, 1981, Rita M. DeSimone ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). On August 17, 1981, a notice was mailed to each of the creditors listed by the debtor in her schedules which notice included, among other items, the following legend:

A debtor may provide in a plan for the avoidance of certain liens under Sec. 522–F which impair an exemption to which the debtor otherwise might have been entitled if the lien is a judicial lien or is a nonpossessory, nonpurchase money security interest in household furnishings and other types of personal property. Any objections to the avoiding of the aforementioned liens, to confirmation of debtors plan or debtors claim of exempt property shall be made pursuant to Rule 914 of the Rules of Bankruptcy Procedure. All objections shall be filed with the Clerk, U.S. Bankruptcy Court, at the address shown below no later than 10

days before the confirmation hearing, and such objections shall be served on both the debtor and debtors attorney whose names and addresses appear on this notice no later than 5 days before the confirmation hearing.

The debtors plan provides for the avoidance of liens under Sec. 522–F.

Jay and Mary Eichler ("the Eichlers") were listed as unsecured creditors in the debtor's schedules and the above notice was sent to them. At the hearing held on the confirmation of the debtor's plan, the attorney for the Eichlers appeared and stated that the Eichlers objected to the confirmation of the debtor's plan. The debtor's attorney thereupon asserted that the Eichlers were not entitled to raise any objections at that time because they had failed to file a written objection pursuant to the above notice and Rule 914 of the Rules of Bankruptcy Procedure. We agree with the debtor's assertion that the Eichlers' objection is deficient on procedural grounds and find, further, that that objection lacks substantive merit.

Rule 914 states, in part, that: "In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion. . . ." Further, the notice to creditors required that any motion objecting to the confirmation of the debtor's plan must be filed with this court at least 10 days before the confirmation hearing and must be served on the debtor and debtor's counsel at least 5 days before the confirmation hearing. The language of the rule and notice is absolutely clear even to those not familiar with bankruptcy practice.

At the hearing, however, counsel for the Eichlers asserted that they had complied with Rule 914 and the above notice by filing a proof of claim form in which they rejected the debtor's plan. We disagree. Merely checking a box on the proof of claim does not provide the debtor or the court with a specific statement of the grounds on which the creditor objects to the confirma-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

tion of the debtor's plan.[2] Furthermore, the rejection of a plan is only relevant to the confirmation of a plan when the rejection is by a secured creditor. *See* 11 U.S.C. § 1325(a)(5)(A). In the instant case, the Eichlers are not secured creditors. In its plan, the debtor provided for the avoidance of the judicial lien held by the Eichlers pursuant to § 522(f)(1) of the Code.[3] The Eichlers did not object to the avoidance of their lien (as was also required by the notice sent to creditors) nor did they offer any evidence at any time to show that their lien is not avoidable under § 522(f)(1).[4] Consequently, we find that the Eichlers are not the holders of a secured claim and their rejection of the plan in their proof of claim is not relevant to the question of whether we should confirm the debtor's plan.

Furthermore, with respect to the merits of the Eichlers' objection, we conclude that they have failed to assert or prove [5] any grounds which would require us to deny confirmation of the debtor's plan herein. Section 1325(a) of the Code mandates that we confirm a plan if certain prerequisites are met.[6] The Eichlers do not assert herein that any of the provisions of § 1325(a) have not been met by the debtor's plan and, because we find that the debtor's plan does comply with § 1325(a), we will confirm that plan.

---

2. *See* 11 U.S.C. § 1324. The legislative history to that section notes the distinction between a rejection of the plan and an objection to confirmation of the plan. "Any party in interest may object to the confirmation of a plan, as distinguished from merely rejecting a plan." S.Rep. No.95–989, 95th Cong.2d Sess. 142 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5928.

3. Section 522(f)(1) states:

   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

   (1) a judicial lien.

4. The Eichlers did file a complaint for relief from the automatic stay. However, there too they failed to offer any evidence as to why their lien is not avoidable under § 522(f)(1) even though the debtor had raised that issue by way of defense. In our opinion dismissing that complaint, however, we were unable to decide the issue of the avoidability of the Eichlers' lien because the debtor rested on her motion for a directed verdict based on the Eichlers' failure to sustain their burden of proof under § 362(d) and (g) and, therefore, the debtor did not offer any evidence on the issue of the applicability of § 522(f)(1). *See In re DeSimone*, Bankr.No. 81-02575, Adv.No. 81–0854 (E.D.Pa. Sept. 14, 1981).

5. When a party objects to the confirmation of a debtor's chapter 13 plan, the burden of proof is on that party. *See, e.g., In re Flick*, 14 B.R. 912 -914--15 (E.D.Pa.1981).

6. Section 1325(a) provides:

   (a) The court shall confirm a plan if—

   (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

   (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

   (3) the plan has been proposed in good faith and not by any means forbidden by law;

   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

   (5) with respect to each allowed secured claim provided for by the plan—

   (A) the holder of such claim has accepted the plan;

   (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

   (C) the debtor surrenders the property securing such claim to such holder; and

   (6) the debtor will be able to make all payments under the plan and to comply with the plan.