OPINION OF THE COURT
 

 GIBBONS, Circuit Judge:
 

 The Commonwealth of Pennsylvania, Department of Public Welfare, appeals from an order of the district court, affirming an order of the bankruptcy court which confirmed a plan of William J. Hines and Patricia Hines pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301-1330 (1982), for payment to their creditors. The plan provides for payments of $175 a month for thirty-six months. The Commonwealth objected that it was not filed in good faith within the meaning of 11 U.S.C. § 1325(a)(3) (1982) because, while it provides for payment in full to a secured ereditor, it provides for only nominal payments to unsecured creditors.
 

 The Commonwealth concedes that every court of appeals which has considered the question has ruled that Chapter 13 plans providing for nominal repayments to unsecured creditors do not, for that reason, violate the good faith standard of 11 U.S.C. § 1325(a)(3) (1982).
 
 [1]
 
 We conclude that those decisions are entirely consistent with the statute.
 

 What the Commonwealth does urge is that the order confirming the plan should be reversed because the debtor failed to carry the burden of proof of establishing good faith. That contention has dual aspects. First, the Commonwealth contends that in every instance the statute imposes on the proponent of a Chapter 13 plan the burden of showing good faith affirmatively. Second, it contends that if the burden of showing the absence of good faith is normally on the creditor objecting to confirmation, that burden should shift to the debtor in every case where the plan provides for only nominal repayments to unsecured creditors.
 

 At the hearing on confirmation the debt- or introduced in evidence the report of the standing Chapter 13 trustee finding that the debtor’s proposed plan met the requirements of 11 U.S.C. §§ 1322 and 1325 (1982). Moreover the standing trustee appeared at the confirmation hearing and recommended confirmation. If the statute imposes any affirmative burden of showing good faith upon the debtor, it was satisfied by the report of the standing trustee. The Commonwealth objected to confirmation, but represented that it had no evidence to offer. It made no argument that the debtors had underestimated income. It did argue that they had overestimated the amount that would be needed for family recreation for their family of five. The bankruptcy judge considered and rejected that objection. The Commonwealth does not now urge that in
 
 *335
 
 so ruling the bankruptcy judge abused his discretion.
 

 What is left, therefore, is the Commonwealth’s contention that some affirmative burden, beyond the showing made in the report of the standing trustee, was required because the plan provided for only nominal payments to unsecured creditors. The adoption of such a rule would be inconsistent with the authorities cited in the margin, which we approve.
 

 The judgment appealed from will be affirmed.
 
 [2]
 

 [1]
 

 .
 
 In re Kitchens,
 
 702 F.2d 885, 887-89 (11th Cir.1983) (per curiam);
 
 In re Estus,
 
 695 F.2d 311, 316 (8th Cir.1982);
 
 Deans v. O’Donnell,
 
 692 F.2d 968, 969-72 (4th Cir.1982);
 
 Barnes v. Whelan,
 
 689 F.2d 193, 198-200 (D.C.Cir.1982);
 
 In re Goeb,
 
 675 F.2d 1386, 1388-91 (9th Cir.1982);
 
 In re Rimgale,
 
 669 F.2d 426, 431-32 (7th Cir.1982).
 

 [2]
 

 . We have by an order filed simultaneously herewith denied Hines’ motion to dismiss the Commonwealth’s appeal as moot.