**In re Sandra R. SMITH, Debtor.**

**Bankruptcy No. 84–00515–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

May 4, 1984.

Joseph Fink, for creditor.

Patricia Redmond, Miami, Fla., for debtor.

---

MEMORANDUM DECISION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN WITHOUT PREJUDICE TO FILE A NEW PLAN WITHIN THIRTY DAYS

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come before the Court upon a hearing to consider confirmation of a Chapter 13 plan and the Objection thereto and the Court having reviewed said plan, heard the arguments of counsel, and being otherwise fully advised in the premises, does hereby enter the following Memorandum Decision and Order:

The Court finds that on March 24, 1982, the debtor received a discharge in a previously filed Chapter 7 proceeding which occurred in the Western District of Kentucky.

The Court further finds that the debtor has failed to list at least four creditors who were admittedly known to her and, further, that she proposes to pay the creditors that were listed the sum of $3,600.00, over a period of sixty months, in satisfaction of $64,674.00 of debts. This would result in the creditors realizing a dividend of approximately six percent.

A Chapter 13 plan may be confirmed if it meets the six requirements specified in Bankruptcy Code Section 1325(a), including the requirement that:

> (3) the plan has been proposed in good faith and not by any means forbidden by law ...

■ The proponent of a Chapter 13 plan has the burden of proof as to its confirmation and must satisfy the bankruptcy court that the plan was filed in "good faith." *Matter of Ponteri*, 31 B.R. 859 (Bkrtcy.D.N.J.1983). The determination of whether a Chapter 13 plan has been filed in "good faith" was intended to be made on a case-by-case basis and be in the trial courts' discretion. *In re Crisco*, 9 B.R. 528 (Bkrtcy.S.D.Fla.1980). This "good faith" requirement is not satisfied if the plan does not provide meaningful payments to the unsecured creditors. *In re Fredrickson*, 5 B.R. 199 (Bkrtcy.M.D.Fla. 1980); *Matter of Ward*, 6 B.R. 93 (Bkrtcy. M.D.Fla.1980).

Additionally, the debtor's filing of a Chapter 13 petition within six years of her having received a discharge under Chapter 7 is prima facie evidence of a lack of "good faith." *Matter of Ponteri*, 31 B.R. 859 (Bkrtcy.D.N.J.1983).

■ Although it is possible for a debtor to meet the "good faith" requirement despite having filed a Chapter 13 proceeding within six years of their having received a discharge under Chapter 7, based upon the debtor's failure to list certain known creditors and her proposal to pay less than six percent of her total indebtedness over an extended sixty month period and the evidence and testimony presented, the Court finds that the debtor's plan was not filed in

"good faith" as required by Code Section 1325(a).

## ORDER

Based upon the foregoing, it is:

ORDERED AND ADJUDGED that the debtor's Chapter 13 plan was not filed in "good faith" as required by Bankruptcy Code Section 1325.

Accordingly, pursuant to Bankruptcy Code Section 1307, the Chapter 13 petition filed by SANDRA R. SMITH is hereby dismissed with prejudice for a period of thirty days from the date of this Order.