In re Marlon **MENDENHALL** and
Virginia Mendenhall, Debtors.

**Bankruptcy No. ED 84–052M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 13, 1985.

Roberta A. Colton, Tampa, Fla., for defendant.

John H. Genovese, Miami, Fla., for plaintiff.

Henry Kinslow, El Dorado, Ark., for debtors.

Mel Sayes, Little Rock, Ark., for General Elec. Credit Corp.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

A hearing was held on October 13, 1984, on the objection of General Electric Credit Corporation to debtors' Chapter 13 plan. The debtors appeared in person and through their attorney, Honorable Henry Kinslow. General Electric Credit Corporation (GECC) appeared through its attorney, Honorable Mel Sayes.

The parties submitted the matter to the Court upon testimony of the debtor, Marlon Mendenhall, and each side submitted a written appraisal. There was no appraisal testimony. The issue is the proper value of the debtors' mobile home which is subject to a lien in favor of GECC. The debtors valued the mobile home at $8,500.00 in their plan and proposed to pay GECC its secured claim and treat the balance of the debt as unsecured. Unsecured creditors will receive a 50% dividend over the life of the plan.

The appraisal of GECC is little help because it is based on a percent of the average book value, less estimated costs of repair, plus $2,794.00, for a reason which is unexplained in the appraisal. Nothing in the record suggests that this appraiser was knowledgeable regarding the mobile home market in south Arkansas. Although the appraisal states that it is based on the "cost approach," in fact the appraisal is not. The appraisal states that there are no reliable comparables in this area. This statement makes no sense because the phrase "average book value" used in this appraisal as the starting point in the appraiser's analysis is derived from sales of mobile homes. The appraiser's job is to secure information regarding comparable sales, compare them to the property to be appraised, and then make an expert judgment of the value of the property to be appraised based on this comparison. Without an opportunity to see the appraiser and listen to the explanation given for the basis of his opinion, the Court has nothing upon which to judge the accuracy of his opinion. Therefore, the appraisal has very little value.

As bad as GECC's appraisal is, the debtors' appraisal is worse. The debtors' appraisal neither offers to the Court any basis for the opinion stated therein, nor offers anything to suggest that the appraiser had any knowledge at all of the mobile home market.

The only reasonable way for the Court to decide the case is to decide which party had the burden of proof and whether that burden was met.

The Bankruptcy Code does not allocate the burden of proof on an objection to confirmation. The case law follows two distinct patterns on the issue of allocation of the burden of proof on an objection to Chapter 13 confirmation. In one line of cases the courts have ruled that the proponent of a Chapter 13 plan has the burden of proof to show that the requisite tests for confirmation have been met. *In re Crago*, 4 B.R. 483 (Bkrtcy.S.D. Ohio, E.D.1980); *In re Elkind*, 11 B.R. 473 (Bkrtcy.D.Colo. 1981); *In re Wolff*, 22 B.R. 510 (Bkrtcy. App. 9th Cir.1982); *Matter of Ponteri*, 31 B.R. 859 (Bkrtcy.D.N.J.1983); *In re Smith*, 39 B.R. 57 (Bkrtcy.S.D.Fla.1984); *In re Goodavage*, 41 B.R. 742 (Bkrtcy.E.D.Va. 1984). The most recent of these cases have repeated without detailed explanation the earlier holdings of *In re Crago*, 4 B.R. at 483 and *In re Elkind*, 11 B.R. at 473, which are, themselves, unsupported. Following the general rule in civil litigation, other courts have determined that the burden of proof rests on the moving party, the creditor objecting to confirmation of the debtor's Chapter 13 plan. *In re Tomeo*, 1 B.R. 673 (Bkrtcy.E.D.Pa.1979); *In re Flick*, 14

B.R. 912 (Bkrtcy.E.D.Pa.1981); *In re DeSimone,* 17 B.R. 862 (Bkrtcy.E.D.Pa.1982).

The term "burden of proof" refers to two distinct concepts. The concepts may be referred to as (1) the risk of nonpersuasion or the burden of persuasion; and (2) the burden of going forward with the evidence. See 9 J. Wigmore, *Wigmore on Evidence* §§ 2485–2490 at 283 (Chadbourn rev.1981). The burden of persuasion is a static burden which remains on the party in whom it is first placed. This party has the duty of initially going forward with the evidence. However, once evidence is presented that raises a doubting point, the burden of producing evidence shifts to the opponent, unlike the burden of persuasion which does not shift. After all of the evidence has been introduced, and if the parties have sustained their burden of producing evidence, the burden of persuasion becomes critical. *McCormick on Evidence* § 336 at 784 (2d ed.1981). In this case the parties have not introduced persuasive evidence on the disputed fact in this case, so the burden of persuasion becomes the crucial factor in determining whether the plan is to be confirmed.

There are several reasons advocated for allocating the burden of persuasion to one party. The burden of persuasion is often allocated to the party asserting affirmative allegations, the party who has ready access to knowledge, or the party to whose case the fact is essential. 9 J. Wigmore, *Wigmore on Evidence* § 2486 at 288 (Chadbourn rev.1981); F. James and G. Hazzard, *Civil Procedure* § 7.8 at 249 (2d ed.1977). One commentator suggests allocation of the burden of proof depending upon the basis of the objection to confirmation. *See In re Flick,* 14 B.R. at 915. Generally, in civil litigation, the moving party who seeks to change the present state of affairs has the ultimate burden of proving allegations. *Reliance Life Insurance Co. v. Burgess,* 112 F.2d 234 (8th Cir.1940), *cert. denied,* 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453, *reh'g denied,* 311 U.S. 730, 61 S.Ct. 391, 85 L.Ed. 475 (1940). Although the civil litigation guidelines for allocation of the burden of proof are helpful, for several reasons it

is difficult to draw an accurate plaintiff-defendant analogy between a Chapter 13 bankruptcy confirmation proceeding and a civil proceeding.

When an objection to Chapter 13 confirmation is filed by the trustee or a creditor, several departures from general civil litigation occur. An objection takes no special form; it can be a letter to the Court or a formal pleading. No response or answer is required to be filed on behalf of the debtor. None of the parties acquire the traditional labels of plaintiff or defendant, and the style of the pleadings may carry only the debtor's name and case number. Further, an objection to confirmation is neither an adversary proceeding nor a contested matter.

As a practical matter, this Court is never confronted with the Chapter 13 confirmation hearing unless an objection to the debtor's proposed plan is filed. 11 U.S.C. § 1324 requires that the "Court shall hold a hearing on confirmation of a plan," yet 11 U.S.C. § 102(1)(A) states that notice and a hearing can be a notice and a hearing that are appropriate under the circumstances. 11 U.S.C. § 102(1)(B) authorizes the Court to confirm a Chapter 13 plan without an actual hearing if a party in interest does not timely request a hearing, and that is the practice followed in this District.

■ Analogous to civil litigation, in an objection to confirmation, the objecting party is seeking to alter the status quo, because without the objection, the plan would be confirmed. The creditor also possesses the information with which to attack the plan as nonconfirmable. It is for these reasons that the Court places the burden of persuasion on the creditor who somewhat can be compared to the plaintiff in civil litigation.

■ The argument that 11 U.S.C. § 1325 imposes on the proponent of the Chapter 13 plan the burden of affirmatively showing good faith was addressed in *In re Hines,* 723 F.2d 333 (3rd Cir.1983). The Court, reluctant to find that Section 1325 imposed

an affirmative burden of proof on the debtor, held that:   .

> *If* the statute imposes *any* affirmative burden of showing good faith upon the debtor, it was satisfied by the report of the standing trustee.  (emphasis added) *In re Hines,* 723 F.2d at 334.

Consistent with *In re Hines,* the Court finds that if 11 U.S.C. § 1325 places any burden on the debtor, it is the burden of coming forward with evidence to rebut any evidence introduced in support of an objection by a creditor or the Chapter 13 trustee. The burden of producing evidence may then shift from opponent to opponent depending on, among other things, the quality and weight of evidence presented by each party.  *McCormick on Evidence* § 338 at 790 (2nd Ed.1981).

■ Since both parties failed at producing evidence to support or rebut confirmation, the burden of proof is determinative of the outcome of the case.  The Court finds that the creditor, GECC, had the burden of persuasion to sustain its objection and has not met its burden.  The objection to confirmation is overruled, and the plan is confirmed.

IT IS SO ORDERED.