In re Robert E. HAAS, Kathleen M. Haas, Debtors.

Bankruptcy No. 3–83–00979.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 2, 1987.

Christopher M. Hawk, Dayton, Ohio, for debtors.

George W. Ledford, Englewood, Ohio, trustee.

Gordon Gendler, Dayton, Ohio, for plaintiff.

DECISION AND ORDER DENYING CONFIRMATION OF DEBTORS' MODIFIED CHAPTER 13 PLAN AND DENYING CREDITOR'S MOTION TO DISMISS OR CONVERT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon an objection of Clark Equipment Credit Corpo- ration to the confirmation of a modified Chapter 13 Plan proposed by the debtors, Robert E. Haas and Kathleen M. Haas, and upon the creditor's motion to dismiss or convert the debtors' case.

On July 15, 1986 this court confirmed by amended order a Chapter 13 Plan of the debtors. The order required the debtors to "pay to the Trustee the sum of $50.00 per month for the months of November through April and $4,000.00 per month for the months of May through October of each year during the life of the Plan." By the terms of the plan unsecured claims were to be fully paid.

On August 19, 1986 debtors filed a Mod- ified Chapter 13 Plan, which would reduce the previously ordered payments of $4,000.00 per month to $2,000.00 per month and result in unsecured claims receiving a twenty percent (20%) dividend. In re- sponse to debtors' proposed modification, Clark Equipment Credit Corporation, an unsecured creditor, filed a "Motion Object- ing to Confirmation of Modified Chapter 13 Plan and Motion for Conversion or Dismis- sal." The creditor listed the following grounds as support for its motion: 1) debt- ors have shown no altered circumstances to justify their proposed modification; 2) unsecured creditors would receive more in a liquidation under Chapter 7 of the Bank- ruptcy Code than under the provisions of debtors' proposed modification; 3) the pro- posed modification does not provide for all of the debtors' projected disposable income to be received during the plan period; 4) debtors have not proposed the modification in good faith; and 5) debtors have delayed performance of their obligation under the Bankruptcy Code.

*CONCLUSIONS OF LAW*

At any time following confirmation of a plan but prior to the completion of plan payments, a plan may be modified to either increase or reduce payments. 11 U.S.C. § 1329(a)(1). However, pursuant to 11 U.S.C. § 1329(b)(1) any modification of the plan must continue to meet the six confir-

mation requirements of 11 U.S.C. § 1325(a). Therefore, the court must "examine the modification as if filed ab initio under section 1322...." *In re DeMoss,* 59 B.R. 90, 93 (Bankr.W.D.La.1986). Of critical importance in the instant case is the confirmation requirement of 11 U.S.C. § 1325(a)(4) that each allowed unsecured claim be paid at least as much under the provisions of the debtors' plan as would be received in a Chapter 7 liquidation proceeding.

At the confirmation hearing on the debtors' proposed modification legal arguments were presented by counsel, but neither the debtors nor the creditor introduced evidence. Debtors took the position that the creditor had the burden of proof regarding its objection to confirmation. Debtors also asserted that financial information previously filed with the court by the debtors provided sufficient support for their proposed modification. The court indicated that judicial notice would be taken of the debtors' bankruptcy file in ruling on the confirmation of debtors' proposed plan.

■ Initially, this court must determine which party bears the burden of proof. Unfortunately, the Bankruptcy Code does not provide the answer nor is there unanimity among the judicial decisions. Generally, this court will follow the cases declaring that the proponent of a plan bears the burden of proof in obtaining confirmation of his plan. *See In re Goodavage,* 41 B.R. 742 (Bankr.E.D.Va.1984); *In re Smith,* 39 B.R. 57 (Bankr.S.D.Fla.1984); *Matter of Ponteri,* 31 B.R. 859 (Bankr.D.N.J.1983). In the instant proceeding, however, the record does not establish even a *prima facie* case on behalf of the debtors' proposed modification of their plan.

■ After examining the debtors' bankruptcy file, the court is unable to determine whether unsecured creditors are to receive at least as much under the proposed modification as they would in a Chapter 7 liquidation. The major obstacle to making this determination is that the court has not been adequately informed regarding the status of O'Danny Boy, Inc. Earlier filings with the court indicate that one hundred percent (100%) of the common stock of O'Danny Boy, Inc. is owned by the debtors. The court does not know if the corporation still exists or whether the debtors are operating their business in some other business form. If the corporation does exist, then the value of the debtors' stock in that corporation must be ascertained in order to determine the liquidation value of the debtors' estate. In addition, it also appears that debtors have disposed of certain assets and may have acquired others. To make an informed decision the court needs updated and detailed schedules of the financial affairs of both the debtors and O'Danny Boy, Inc.

■ The second problem the court has encountered in examination of the debtors' bankruptcy file is determining the cause for the debtors' proposed modification. On November 1, 1985 the debtors filed an "Amended Monthly Family Budget" with the court in which they estimated that they would be able to gross approximately $100,000 per year and that the expenses of producing the income would be approximately fifty-seven percent (57%) of gross income. However, in September of 1986 the debtors filed financial information in support of their modified plan indicating actual gross income of $192,000 for six months of operation, but expenses of approximately eighty-six percent (86%) of gross income. While projections of income and expenses are not expected to be one hundred percent (100%) accurate, it is nevertheless incumbent upon the debtors to explain why their expenses are significantly higher than anticipated in the November 1985 monthly report.

\*     \*     \*     \*     \*     \*

■ In addition to objecting to confirmation of the debtors' proposed modified plan, Clark Equipment Credit Corporation also moved the court to convert or dismiss the debtors' case pursuant to 11 U.S.C. § 1307. Yet, it too failed to introduce evidence at the hearing in support of its motion and the information gathered from judicial notice of the bankruptcy records in this particular case is simply insufficient to warrant either a conversion or dismissal. The debtors

have paid over $16,000.00 into the plan and *at this stage in the proceedings* fairness to them and to creditors other than Clark Equipment Credit Corporation requires that a more complete record be developed to sustain a motion for conversion or dismissal.

Nothing in this decision is intended to deter the debtors from proposing within a reasonable time an additional modification of their plan nor to prevent Clark Equipment Credit Corporation from refiling its objection to confirmation and motion to dismiss or convert.

For the foregoing reasons confirmation of debtors' Modified Chapter 13 Plan is DENIED and the motion of Clark Equipment Credit Corporation for dismissal or conversion is DENIED.