**In re Jeffrey Jacob THOMAS, Debtor.**

**Bankruptcy No. 89–04521.**

United States Bankruptcy Court, D. South Carolina.

June 8, 1990.

---

D. Nathan Davis, N. Andrew Gowder, Jr., Charleston, S.C., for debtor.

Lawrence E. Richter, Jr., Ivan N. Nossokoff, Charleston, S.C., for creditors Debbie Smith and Linda Zerbst.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

Before the court is confirmation of the debtor's proposed Chapter 13 plan. Objections to the plan were filed by Linda Zerbst and Debbie Smith, alleging that the debtor's plan was not filed in good faith in violation of 11 U.S.C. § 1325(a)(3)[1].

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) shall be by section num-

## FINDINGS OF FACT

Linda Zerbst and Debbie Smith are the holders of separate unsecured claims against the debtor for his alleged intentional infliction of emotional distress and invasion of privacy as a result of secretly videotaping sexual acts with these creditors and allegedly displaying the tapes at his bachelor party without their consent. A third creditor has an identical claim but has filed no objection to the plan.

The debtor's pre-petition conduct, arguably, would render the claims of Ms. Zerbst and Ms. Smith nondischargeable in a Chapter 7 case yet their claims would be dischargeable in a Chapter 13 case pursuant to § 1328(a).

On November 22, 1989, the debtor was served with a summons and complaint brought in state court, accusing him of the previously stated acts and seeking damages.

The debtor filed his petition for relief on December 19, 1989, and indicates in his schedules filed with this court that he is a real estate agent with HTI Development. The debtor's father was a partner in HTI and is now apparently the sole owner of this business.

Although the debtor was never made a partner in HTI Development, he held himself out as a partner to the community and signed a tax return listing himself as a partner. The tax return now has been amended to reflect that he is not a partner.

The debtor listed his income in his schedules as $2,500.00 per month. He testified that his salary was $5,000.00 per month until November, 1989 (the month he was served with the summons and complaint) and asserted that the decrease in pay was the result of poor sales at HTI Development.

The debtor's Federal Pre-trial Intervention forms introduced at the confirmation hearing established that he consistently reported his monthly income prior to November, 1989, as $7,000.00 per month.

ber only.

The debtor further testified that he was under no pressure from his creditors to repay any of his debts and in fact, no debts were past due.

The debtor also scheduled his father as the single largest creditor in this case, listing the debt as $40,000.00 secured by a 1984 Mercedes automobile. The promissory note the debtor's father holds dated March 10, 1986, was introduced into evidence and is "... payable in ten years, full amount". This debt, therefore, is not due until 1996. The debtor has determined that this debt is actually unsecured and intends to amend the schedules accordingly.

## CONCLUSIONS OF LAW

Section 1325(a) provides "..., the court shall confirm a plan if—(3) the plan has been proposed in good faith and not by any means forbidden by law;".

■ The debtor has the burden of proof to show that his plan is proposed in good faith. *In re Warren*, 89 B.R. 87 (9th Cir. BAP 1988), *In re Sustek*, Case No. 87–03864 (Bankr.D.S.C. 3/29/88), citing *In re Smith*, 39 B.R. 57 (Bankr.S.D.Fla.1984).

■ As stated in *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir.1982),

While no precise definition can be sculpted to fit the term "good faith" for every Chapter 13 case, we think the generally accepted definition of "good faith" as used in Chapter 11 of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed), provides the general parameters:

A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan ...
9 *Collier on Bankruptcy* 9.20 at 319 (14th ed.1978), cited in *In re Goeb*, 675 F.2d 1386, 1390 n. 9 [9th Cir.1982]; *In re Rimgale*, 669 F.2d 426, 431 (7th Cir. 1982); *In re Terry*, 630 F.2d 634, 635 n. 3 (8th Cir.1980).

In determining whether a plan is proposed in good faith the Fourth Circuit held

that "the totality of the circumstances must be examined on a case by case basis". *Id.* at 972.

The Fourth Circuit later expanded the *Deans* good faith inquiry in *Neufeld v. Freeman*, 794 F.2d 149, 152, 153 (4th Cir. 1986) when it stated:

Although *Deans* did not refer specifically to a debtor's prepetition conduct in its nonexhaustive list of factors relevant to the good faith inquiry, a majority of courts addressing the issue have expressly considered evidence of pre-filing conduct and the possible nondischargeability (under chapter 7) of objecting creditors' claims in evaluating a debtor's good faith under § 1325(a)(3). Citations omitted.

We share the view of these courts that although the discharge of an obligation which would be nondischargeable in Chapter 7 is not, standing alone, a sufficient basis on which to find bad faith or deny confirmation, it is a relevant factor to be considered in the § 1325(a)(3) good faith inquiry. Resort to the more liberal discharge provisions of Chapter 13, though lawful in itself, may well signal an "abuse of the provisions, purpose, or spirit" of the Act, especially where a major portion of the claims sought to be discharged arises out of pre-petition fraud or other wrongful conduct and the debtor proposes only minimal repayment of these claims under the plan. Similarly, a Chapter 13 plan may be confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents a good faith effort by the debtor to satisfy his creditors' claims.

It appears clear to this court that the debtor's primary motive in filing his Chapter 13 plan is to thwart the efforts of Ms. Zerbst and Ms. Smith to proceed with the state court actions against him.

At the time of filing, the debtor had no debts that were past due. He has over six years to pay or make arrangements to pay the $40,000.00 debt to his father. The debtor filed his petition for relief less than one month after being served with the sum-

mons and complaint of Ms. Zerbst and Ms. Smith.

In addition, the debtor could not adequately explain inconsistencies in his reported income on his Federal Tax forms with figures found in other documents and was evasive and not responsive to other questions at previous hearings, though some did appear hostile.

In spite of the debtor's efforts to otherwise explain or justify his pre-filing conduct, this conduct, when combined with the minimal (5 percent) repayment to unsecured creditors over 36 months, the fifty percent reduction in salary on the eve of filing, the absence of any past due debts, and the likelihood that the claims of Ms. Zerbst and Ms. Smith would be nondischargeable in a Chapter 7 case constitutes an abuse of the provisions, purpose, and spirit of the Bankruptcy Code. There are simply too many coincidental factors and events, ostensibly beneficial to confirmation of a plan, which occurred at or around filing to render them plausible.

The debtor has not met his burden of proof that his plan was filed in good faith and his proposed Chapter 13 plan is denied confirmation, without leave to amend, and his case is dismissed. *In re Strauss*, 101 B.R. 223, 21 C.B.C.2d 67 (Bankr.S.D.Cal. 1989).

Therefore, it is,

ORDERED, ADJUDGED, AND DECREED, that confirmation of the debtor's proposed Chapter 13 plan is denied and this case is hereby dismissed.