**In re Charles A. BLEVINS and Deborah L. Blevins, Debtors.**

**Bankruptcy No. 91–15614F.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Sept. 9, 1992.

Marshall D. Evans, Fayetteville, AR, for debtors.

James C. Mainard, Ozark, AR, for Bank of Ozark.

A.L. Tenney, N. Little Rock, AR, trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On September 9, 1991, Charles A. Blevins and Deborah L. Blevins (debtors), filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The debtors filed their proposed plan of reorganization with the petition. The Bank of Ozark (bank) objected to confirmation of the debtors' plan. A hearing was held on December 12, 1991, and the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(L). The Court has jurisdiction to enter a final judgment in the case.

On October 5, 1989, the debtors borrowed $13,862.00 from the bank and granted the bank a security interest in a 1987 Prestige Mobile Home. The bank has a claim against the debtors' estate for $13,172.94 for the unpaid balance of this loan. The debtors valued the mobile home in their schedules at $8,000.00; therefore, the plan treats the bank's claim as secured in the amount of $8,000.00 and unsecured in the amount of $5,172.94.

On November 13, 1990, the debtors borrowed $7,046.64 from the bank and granted the bank a security interest in a 1986 Chevrolet pick-up truck and a 1976 Ford tractor. The bank has a claim for $5,231.24 against the debtors' estate for the unpaid balance of this loan. The debtors valued the pick-up truck in their schedules at $3,575.00 and the tractor at $750.00. The tractor is no longer in the debtors' possession. Therefore, the plan treats the bank's claim as secured in the amount of $3,575.00 and unsecured in the amount of $1,656.24.

The debtors' plan proposed to pay the bank's secured claims in full and the unsecured claims pro rata. The bank objects to confirmation of the debtors' plan on the basis that it does not propose to pay the bank the value of its collateral.

At the confirmation hearing held on December 12, 1991, neither the debtors nor the bank introduced any credible evidence regarding the value of the bank's collateral. Therefore, the only reasonable way to resolve the bank's objection is to determine which party had the burden of proof and determine whether that burden was met.

This court has previously ruled that a creditor objecting to confirmation has the initial burden of proof in supporting its objection. *In re Mendenhall,* 54 B.R. 44 (Bankr.W.D.Ark.1985). *Mendenhall* recognized a line of cases that have held that the debtor has the initial burden of proof.[1]

---

1. *See In re Wolff,* 22 B.R. 510 (Bankr.9th Cir. 1982); *In re Goodavage,* 41 B.R. 742 (Bankr. E.D.Va.1984); *In re Smith,* 39 B.R. 57 (Bankr. S.D.Fla.1984); *In re Ponteri,* 31 B.R. 859 (Bankr. D.N.J.1983); *In re Elkind,* 11 B.R. 473 (Bankr. D.Colo.1981); *In re Crago,* 4 B.R. 483 (Bankr.

However, in *Education Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir.1987) the Eighth Circuit Court of Appeals agreed with the reasoning of *Mendenhall*, stating that:

> [g]enerally, in civil litigation, the party seeking to change the status quo has the ultimate burden of proving his allegations are true. *See Joseph A. Bass Co. v. United States*, 340 F.2d 842, 844 (8th Cir.1965) ("[i]t is fundamental that the burden of proof * * * rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue"). Since a Chapter 13 plan that meets the requirements of section 1325(a) would be confirmed absent the objections of the creditor, the creditor has, at minimum, "the initial burden of producing satisfactory evidence to support the contention that the debtor is not applying all of his disposable income" to the plan payments. *In re Fries*, 68 B.R. 676, 685 (Bankr. E.D.Pa.1986); *see also In re Mendenhall*, 54 B.R. 44, 45–46 (Bankr.W.D.Ark. 1985).

827 F.2d at 1226. The holding of *Education Assistance Corp. v. Zellner* is binding in this Circuit.

Substantial support exists for the Eighth Circuit's view. For example, a leading treatise on bankruptcy states that:

> an objection to confirmation gives rise to a contested matter which is to be litigated by the parties directly involved, including the debtor and the objecting creditor or creditors. Generally, the burden of going forward with evidence and the ultimate burden of proof is borne by the party objecting to confirmation, and if that party fails to prosecute the objection, the objection should be dismissed.

5 *Collier on Bankruptcy* ¶ 1324.01[3] (15th ed. 1991). *See also In re Packham*, 126 B.R. 603 (Bankr.D.Utah 1991); *In re Fricker*, 116 B.R. 431 (Bankr.E.D.Pa.1990); *In re Colon Vazquez*, 111 B.R. 19 (Bankr. D.P.R.1990); *In re Carver*, 110 B.R. 305 S.D.Ohio 1980). *See also, In re Lindsey*, 122 B.R. 157 (Bankr.M.D.Fla.1991); *In re McKissie*, 103 B.R. 189 (Bankr.N.D.Ill.1989); *In re Rose*,

(Bankr.S.D.Ohio 1990); *In re Stein*, 91 B.R. 796 (Bankr.S.D.Ohio 1988); *In re Keffer*, 87 B.R. 509 (Bankr.S.D.Ohio 1988); *In re Navarro*, 83 B.R. 348 (Bankr.E.D.Pa. 1988); *In re Cruz*, 75 B.R. 56 (Bankr. D.P.R.1987); *In re Fries*, 68 B.R. 676 (Bankr.E.D.Pa.1986); *In re DeSimone*, 17 B.R. 862 (Bankr.E.D.Pa.1982); *Pennsylvania v. Flick (In re Flick)*, 14 B.R. 912 (Bankr.E.D.Pa.1981); *HCC Consumer Discount Co. v. Tomeo (In re Tomeo)*, 1 B.R. 673 (Bankr.E.D.Pa.1979). Therefore, the creditor has the burden of proof on issues raised by the objection.

In this case, no credible evidence concerning value was received. Therefore, the bank failed to meet its burden of proof on the issue of valuation. The objection to confirmation is overruled and the plan is confirmed.

IT IS SO ORDERED.

101 B.R. 934 (Bankr.S.D.Ohio 1989); *In re Haas*, 76 B.R. 114 (Bankr.S.D.Ohio 1987); and *In re Sellers*, 33 B.R. 854 (Bankr.D.Colo.1983).