65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of Samuel K. SHORTRIDGE, d/b/a Mr. Sam's
Family Hair Care.
Samuel K. SHORTRIDGE, Plaintiff-Appellant,
v.
David Wm. RUSKIN, et al., Defendants-Appellees.
 No. 93-2558.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1995.
 
 Before: JONES, NELSON, and RONEY, Circuit Judges.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order in which the district court affirmed the dismissal of a bankruptcy case. The dismissal was predicated on a conclusion by the bankruptcy court that the debtor was responsible for unreasonable delay prejudicial to the creditors. The record is not sufficient to permit an evaluation of this conclusion, and we shall therefore remand the matter for further proceedings.
 
 
 2
 * Samuel K. Shortridge, doing business as Mr. Sam's Family Hair Care, sought protection under Chapter 13 of the Bankruptcy Code on July 16, 1992. He filed a plan on July 30, 1992, and a creditors meeting was scheduled for the following month. The meeting was subsequently continued to September 21 after objections to the plan were filed by Chapter 13 standing trustee David Ruskin and by creditors Security Bank & Trust Co. and Household Finance Corporation. At the time of the meeting on September 21 a confirmation hearing was scheduled for December 3.
 
 
 3
 The debtor filed an amended plan on October 27. Despite some subsequent confusion on this point, the plan has not been amended since that date.
 
 
 4
 The parties held a meeting on December 3, outside the presence of the bankruptcy judge, at which time the trustee and several creditors voiced objections to the plan. The confirmation hearing was reset for January 14, 1993, to give the debtor an opportunity to deal with the objections.
 
 
 5
 At the January 14 hearing the bankruptcy judge was advised of the following impediments to confirmation: an assertion by the trustee that the plan would take well over three years to complete;[1] a contention by the trustee and Security Bank & Trust Co. that the plan's proposal of a three percent dividend to unsecured creditors was not offered in "good faith," as that term is used in 11 U.S.C. Sec. 1325(a)(3); the continued existence of a dispute over the amount of attorney fees to which creditor Act One Condominium Association was entitled (a matter previously placed on the contested docket); and an unspecified objection by creditor Sterling, Inc. The bankruptcy judge was also told that payments commenced by the debtor under 11 U.S.C. Sec. 1326(a) were about 20 percent deficient.
 
 
 6
 The bankruptcy judge advised Mr. Shortridge that it was his, and not his attorney's, responsibility to be 100 percent current in payments. Mr. Shortridge was further advised that he was responsible for removing all impediments to confirmation by the time of a final confirmation hearing to be held on February 18, 1993, the same date for which the hearing on the Act One matter was set.
 
 
 7
 When February 18 arrived, the trustee informed the court that there were three matters scheduled for that day: the objection by Act One regarding attorney fees, the objection by Sterling, Inc., and the confirmation itself. The debtor's attorney, Mr. Hill, told the court that the problem with Sterling had been resolved, this creditor having agreed not to assert secured creditor status. Mr. Hill then proceeded to argue the merits of the Act One matter. Act One's attorney responded that the merits were beside the point because some "dozen problems," apart from the Act One issue, made the plan unconfirmable.
 
 
 8
 The judge turned to the trustee at this point, and he too opined that the plan was unconfirmable. The trustee further stated that although the debtor had promised, and the court had ordered, the filing of a second amended plan, the debtor had failed to file or serve such an amendment. (Later in the hearing, and in the proceeding before the district court, the trustee conceded that his statement regarding a second amended plan was in error.)
 
 
 9
 Attorney Hill responded that because the Sterling objection had been fully resolved, the plan could be confirmed as soon as the court ruled on the Act One issue and decided whether the three percent dividend to unsecured creditors had been proposed in good faith. After a colloquy with Mr. Hill regarding the failure to file and serve the chimerical "second amended plan," the bankruptcy judge dismissed the case pursuant to 11 U.S.C. Sec. 1307(c)(1), which permits dismissal for "unreasonable delay by the debtor that is prejudicial to the creditors."
 
 
 10
 Mr. Shortridge appealed the dismissal to the district court, which affirmed the bankruptcy court's decision. The appeal to this court followed.
 
 II
 
 11
 Mr. Shortridge contends that the dismissal was based on misleading and erroneous information regarding the supposed impediments to confirmation. Only the Act One and good faith objections remained unresolved, he contends, and he says that he was fully prepared to litigate these contested matters at the confirmation hearing. The trustee and creditors were never called upon to demonstrate that the plan was unconfirmable, unfortunately, and Mr. Shortridge was not accorded an opportunity to demonstrate otherwise.
 
 
 12
 The bankruptcy court did not require substantiation of the naked allegation that there were "a dozen" impediments to confirmation. The court simply assumed that the plan would be unconfirmable without a second amendment.
 
 
 13
 Perhaps this assumption was correct, and perhaps it was not; the record before us is devoid of any concrete findings and conclusions regarding the merits of any outstanding objections, and we have no way of knowing where the truth lies. We shall therefore remand the case for augmentation of the record in this regard.
 
 
 14
 Although we express no opinion as to the merits of the objections, we offer two general observations. First, it is generally accepted that a party objecting to confirmation bears the burden of proof. See 5 Lawrence P. King, Collier on Bankruptcy Sec. 1324.01 (1995) (citing In re Mendenhall, 54 B.R. 44 (B.Ct., W.D.Ark.1985); Pennsylvania v. Flick (In re Flick), 5 C.B.C.2d 494 (B.Ct., E.D.Pa.1981)). Because the burden lies with the objecting party, vague and unsupported allegations cannot impede confirmation of the plan.
 
 
 15
 Second, our sister circuits have uniformly rejected the proposition that the good faith requirement of Sec. 1325(a)(3) imposes a quantitative minimum debt repayment criterion as a prerequisite to the confirmation of a Chapter 13 plan. See, e.g., Flygare v. Boulden, 709 F.2d 1344 (10th Cir.1983); In re Hines, 723 F.2d 333 (3d Cir.1983); In re Kitchens, 702 F.2d 885 (11th Cir.1983); Barnes v. Whelan, 689 F.2d 193 (D.C.Cir.1982). The fact that Shortridge's plan calls for only a three percent divided to unsecured creditors is not, by itself, indicative of a lack of good faith.
 
 
 16
 The order of dismissal is VACATED and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 [1]
 A provision of the Bankruptcy Code now codified at 11 U.S.C. Sec. 1322(d) says that "[t]he plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."