**In re Ben J. SMITH.**

**No. 4:02–BK–74250M.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Dec. 4, 2002.

Rodney D. McDaniel, Texarkana, TX, for Ben J. Smith.

## ORDER

JAMES G. MIXON, Chief Judge.

On July 9, 2002, Ben J. Smith ("Debtor") filed a voluntary petition for relief under the provisions of chapter 13. The Debtor's proposed plan provides for treatment of the claim of MHC Financial Services, Inc. ("MHC") as a secured claim to the extent of $27,982.00. The Debtor proposes to pay this amount, which includes interest at the rate of 8% per annum, in full over the life of the plan.

MHC objects to confirmation on several grounds, including an allegation that this Debtor is not eligible for relief under the provisions of 11 U.S.C. § 109(g) because this case was filed within 180 days after the Debtor's previous case was dismissed by the Court due to the Debtor's willful failure to abide by the Court's orders.

Alternatively, MHC argues that the Debtor is ineligible for chapter 13 relief because the Debtor voluntarily dismissed a previous case following the filing of a request for relief from stay. At a hearing upon the objection, the Debtor's counsel argued that these allegations are res judicata, having already been ruled upon in a prior hearing in which the court denied MHC's motion to dismiss.

Trial on the merits was held in Texarkana, Arkansas, on October 7, 2002, and the matter was taken under advisement. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (L)(2000), and the Court has jurisdiction to enter a final judgment in this case.

## DISCUSSION

Although MHC raises several objections to confirmation, the Court will only address the argument that the Debtor is ineligible for relief under chapter 13.

The United States Bankruptcy Code provides in relevant part that "no individual ... may be a debtor ... who has been a debtor ... at any time in the preceding 180 days if the case was dismissed for willful failure ... to abide by orders of the court...." 11 U.S.C. § 109(g)(1)(2000).

The record in this case establishes that the Debtor filed a previous chapter 13 on November 26, 2001, that in the previous case MHC obtained an order granting relief from the automatic stay, and that the case was dismissed on July 8, 2001. The current case was filed July 9, 2001. There is no other evidence in the record regarding the circumstances of the dismissal of the previous case.[1]

---

1. The history of the current case is unusual. A motion to dismiss and a motion for relief from the stay were filed in this case and heard by the Honorable Audrey R. Evans on an emergency basis in the absence of the under-

signed. The motion to dismiss referred to 11 U.S.C. § 109(g), but was tried by both parties on the issue of good faith. Judge Evans denied the motion on the stated grounds that good faith existed. Although Judge Evans

■ Ordinarily, the burden of proof in an objection to confirmation in a chapter 13 case is on the objecting creditor. *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir.1987)(citing *In re Fries*, 68 B.R. 676, 685 (Bankr.E.D.Pa. 1986)); *In re Vincente*, 257 B.R. 168, 177 (Bankr.E.D.Pa.2001); *In re Brown*, 244 B.R. 603, 608 (Bankr.W.D.Va.2000) (citing *In re Segura*, 218 B.R. 166 (Bankr. N.D.Okla.1998)); *In re Blevins*, 150 B.R. 444, 445–46 (Bankr.W.D.Ark.1992); *In re Mendenhall*, 54 B.R. 44, 46 (Bankr. W.D.Ark.1985).

■ However, the Eighth Circuit Court of Appeals has held specifically that the debtor has the burden of proof to explain that the dismissal of the previous case was not the result of a willful violation of the court's order. *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415–16 (8th Cir.1994) (holding the burden of establishing eligibility for bankruptcy under section 109(g) lies with the party filing the bankruptcy petition). Here, the Debtor has failed to offer any evidence to establish his eligibility once the issue was raised. Therefore, the objection to confirmation is sustained, and this case is dismissed because the Debtor failed to establish that he is eligible for relief under the provisions of chapter 13.

IT IS SO ORDERED.

ruled from the bench, the order denying the motion was prepared by counsel and submitted to the undersigned for signature. The order did not recite a reason the motion was denied. The issue of *res judicata* as to 11 U.S.C. § 109(g) might have been considered in the hearing on this objection to confirmation, but none of the above is in the record of this proceeding. Because it is not in the record, it cannot be considered by the Court. The Court has taken the unusual step of including this footnote so the parties can better understand what may appear to be inconsistent rulings on the same issue in the same case by two different judges.