**In re Melissa GATLIN, Debtor.**

**No. 4:06–bk–71531M.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Dec. 7, 2006.

Rodney D. McDaniel, Attorney at Law, Texarkana, TX, for Debtor.

Jo–Ann Goldman, Little Rock, AR, Chapter 13 Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On July 22, 2006, Melissa Gatlin ("Debtor") filed a voluntary petition for relief under the provision of Chapter 13 of the United States Bankruptcy Code. On August 3, 2006, Washington Mutual Bank ("Washington Mutual") filed a motion for relief from the automatic stay and an objection to confirmation of the plan.

A hearing on the motion for relief from the automatic stay and the objection to confirmation was held on September 13, 2006 in Texarkana, Arkansas, and the matter was taken under advisement. Both parties ask this Court to decide whether a non-judicial foreclosure sale conducted before the case was filed was valid. If the sale was not valid, the motion for relief from the stay must be denied and objection to confirmation overruled. If the sale was valid then the real property involved in not property of the estate and the motion for relief must be granted and the objection to confirmation sustained. The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L)

and the Court has jurisdiction to enter a final judgment in this case.

## I. FACTS

On June 15, 2001, Debtor, Shane Gatlin, and Connie Alton executed a mortgage on real property located at Route 1, Box 192A, Fouke, Arkansas, 71837 ("Route 1") in favor of Century Bank N.A. The note and mortgage were then transferred to Washington Mutual. Before default, authorities changed the address of the property in order to locate homes in case of a 9–1–1 emergency. The new address became 165 Private Road 1069, Fouke, Arkansas, 71837 ("Private Road").

A notice of the default and intention to sell real property located at the Route 1 address, with the correct legal description included, was filed of record in Miller County, Arkansas. Certified and regular letters containing the notice of default were mailed to Debtor and Shane Gatlin addressed to both the Private Road and Route 1 addresses. The letters mailed to the Route 1 address were returned as undeliverable; the letters mailed to the Private Road address were returned as unclaimed.

Washington Mutual introduced an affidavit of mailing and compliance with statutory notice. (Ex. 7.) This affidavit stated the following: (1) notice was sent to both addresses by regular and certified mail, (2) the notice of default and intention to sell was published in the *Arkansas Democrat Gazette* once a week for four consecutive weeks, (3) pursuant to Arkansas Code Annotated Section 15–50–105(2), notice was published at the county courthouse where foreclosure sales are customarily advertised, and (4) Foreclosure Placement Services, L.L.C. posted an imaged copy of the notice of default, pursuant to Arkansas Code Annotated Section 15–50–105(3), on the internet from May 2, 2006 to July 11, 2006. (Ex. 7.) Washington Mutual introduced a certificate of posting signed by Statewide Trustee Services stating that Statewide posted notice of the sale at the Miller County Courthouse in compliance with Arkansas Code Annotated Section 18–50–105(2). (Ex. 7.) Washington Mutual also introduced a certificate of publication and internet placement that stated Foreclosure Placement Services posted notice of the foreclosure sale in the newspaper and on the internet, in compliance with Arkansas Code Annotated Sections 18–50–105(1) and 18–50–105(3). (Ex. 7.) The Debtor introduced no exhibits that would contradict any of Washington Mutual's affidavits.

The foreclosure sale took place on July 11, 2006. On July 12, 2006, the recorded mortgagee's deed was filed with the Circuit Clerk of Miller County, Arkansas. (Ex. 8.) On July 22, 2006, Debtor filed for relief under Chapter 13. Debtor listed Washington Mutual as one of her secured creditors in her proposed Chapter 13 plan. On July 28, 2006, a corrected mortgagee's deed was filed that included the sale price. (Ex. 9.)

## II. ARGUMENT

Washington Mutual asks for relief from the stay and objects to confirmation, claiming that the property was not property of the estate when the Chapter 13 was filed because the Debtor's interest in the property has been foreclosed by the non-judicial foreclosure sale held on July 11, 2006. Debtor argues that the Arkansas Statutes were not complied with and, therefore, the sale was not valid.

## III. DISCUSSION

The burden of proof in an objection to confirmation in a Chapter 13 case is on the objecting creditor. *In re Smith,* 286 B.R. 104, 106 (Bankr.W.D.Ark.2002)

(citing *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir.1987)) (citing *In re Fries*, 68 B.R. 676, 685 (Bankr.E.D.Pa.1986)); *In re Blevins*, 150 B.R. 444, 445–46 (Bankr.W.D.Ark.1992); *In re Mendenhall*, 54 B.R. 44, 46 (Bankr. W.D.Ark.1985). The debtor then has the burden of coming forward with evidence to rebut any evidence introduced by the objecting creditor. *In re Mendenhall*, 54 B.R. at 46. The debtor bears the burden of proof on all issues involving the relief from the stay, except for issues dealing with the debtor's equity in the property. 11 U.S.C. § 362(g)(2000).

■ It is well settled that actual notice of the sale is not required if the statutory requirements are adhered to. *In re Kent*, 2003 WL 21540996, *2 (E.D.Ark.2003) (citing *Young v. 1st Am. Fin. Servs.*, 992 F.Supp. 440, 445 (D.D.C.1998)) (citing *S & G Inv., Inc. v. Home Fed. Sav. & Loan Ass'n*, 505 F.2d 370, 376 (D.C.Cir.1974)).

■ Arkansas Code Annotated Section 18–50–104, entitled "Contents of notice—Persons to receive notice," explains what must be included in "the notice of default and intention to sell." According to this section, notice must contain "a legal description of the trust property, and, if applicable, the street address of the property." Ark.Code Ann. § 18–50–104 (Michie 2003). Notice of default and intention to sell must be mailed to the mortgagor by certified mail and first class mail to the address last known to the mortgagee within thirty days of the recording of the notice. Ark.Code Ann. §§ 18–50–104(a) & (b) (Michie 2003). Pursuant to Arkansas Code Annotated Section 18–50–105, "notice" must be posted in the newspaper, at the county courthouse, and on the internet. Reading Arkansas Code Annotated Sections 18–50–104 and 18–50–105 together, the Court concludes that the notice that must be published in the newspaper, at the county courthouse, and on the internet is the notice of default and intention to sell and, therefore, must contain "a legal description of the trust property, and, if applicable, the street address of the property."

■ Non-judicial foreclosure law is to be strictly construed. *Henson v. Fleet Mortg. Co.*, 319 Ark. 491, 497, 892 S.W.2d 250, 253 (1995). Irregularities in a nonjudicial foreclosure proceeding may be grounds to set aside the sale. *Matlock v. Lomas Mortgage (In re Matlock)*, 154 B.R. 721, 723 (Bankr.E.D.Ark.1993) (citing *Union Nat'l Bank v. Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991); Edward H. Schieffler, Note, *Nonjudicial Foreclosure in Arkansas with the Statutory Foreclosure Act of 1987*, 41 Ark. L.Rev. 373 (1988)). The Arkansas Supreme Court set aside a sale for failure to file a substitution of trustee in the correct district, where one county had two separate districts and two county seats, and for failure to accurately identify the place of the sale because the notice did not specify which district. *Henson v. Fleet Mortg. Co.*, 319 Ark. at 497, 892 S.W.2d at 253. The trial court had found the irregularities did not sufficiently harm or prejudice the right of the Debtor to set aside the sale; however, the Arkansas Supreme Court overruled the lower court, stating that the statute must be strictly construed and the requirements of the statute must be satisfied before any sale could take place. *Henson v. Fleet Mortg. Co.*, 319 Ark. at 497, 892 S.W.2d at 253; see also *Union Nat'l Bank v. Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991) (non-judicial foreclosure sale held not valid because notice of sale was filed two days late).

## IV. ANALYSIS

■ Debtor, in her brief, concedes that Washington Mutual complied with the requirement of mailing notice. Debtor ar-

gues that Washington Mutual did not comply with the statute when Washington Mutual published notice in the newspaper, at the county courthouse, and on the internet because the old Route 1 address, before the 9-1-1 change, was used. Washington Mutual introduced affidavits that statutorily compliant notice was published in the newspaper, at the county courthouse, and on the internet. Debtor did not introduce any evidence that refutes this claim. Therefore, it must be concluded from the evidence presented that notice published in the newspaper, at the county courthouse, and on the internet was the notice of default and intention to sell, which contains both the legal description and the address. Washington Mutual, however, admits in the affidavits that the address used in the notice was the Route 1 address, not the correct Private Road address.

Arkansas Code Annotated Section 18–50–103 specifically provides that, "[a] trustee or mortgagee may not sell the trust property unless: ... [t]he mortgagee, trustee, or beneficiary has filed for record with the recorder of the county, ... a duly acknowledged notice of default and intention to sell containing the information required by § 18–50–104...." Arkansas Code Annotated Section 18–50–104(a)(2) requires that the notice of default set forth "a legal description of the trust property and, if applicable, the street address of the property."

The property in question does have a street address and, therefore, the statute requires that the street address be stated in the notice of default. Implicit in the statutory requirements is that the address in the notice of default be the correct address. Washington Mutual knew of the correct address, evidenced by the fact that Washington Mutual mailed the notice to the correct address. Yet, Washington Mu-

tual failed to include the correct address in the notice of default. The notice of default failed to satisfy the statutory requirements of Arkansas Code Annotated Section 18–50–104(a)(2) because the incorrect address was used and the Trustee was not authorized to conduct the sale pursuant to Arkansas Code Annotated Section 18–50–103; therefore, the sale is invalid.

## V. CONCLUSION

For the reason stated herein, the sale of the real property in question is set aside, the motion for relief is denied, and the objection to confirmation is overruled.

IT IS SO ORDERED.