In the Matter of Hector COLON
VAZQUEZ & Margarita
Santiago Mejias, Debtors.

Bankruptcy No. 87–02373(SEK).

United States Bankruptcy Court,
D. Puerto Rico.

Jan. 3, 1990.

Amado Pereira Santiago, Ponce, P.R., for debtors.

Reinaldo Babilonia Cardona, San Juan, P.R., for Asociación de Empleados del E.L.A.

Isabel Fullana, García Arregui & Fullana, Santurce, P.R., for Island Finance Corp.

Robert J. Griswold, San Juan, P.R., Trustee.

### OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

Island Finance Corporation objected to the confirmation of the Chapter 13 Plan proposed by Debtors, alleging Debtors were not committing all their projected disposable income to be received during a three year period for payment of their creditors as required by 11 U.S.C. § 1325(b)(1)(B).*

The uncontested facts show co-debtor Margarita Santiago Mejías is a teacher employed by the Department of Education for the Commonwealth of Puerto Rico. She became a member of the Asociación de Empleados del E.L.A. in 1970. By virtue of her membership on the Asociación and the provisions of 3 Laws of P.R.Ann., Sections 862, *et seq.*, 3% of her wages are automatically deducted from her pay check and are placed in a savings and loan fund created by the Law. See 3 Laws of P.R. Ann., Section 862g. In this particular case, the 3% deduction equals $30.40 per month. The budget and proposed plan exclude this $30.40 deduction from disposable income available for payment of creditors during the life of the plan.

The issue is whether the monthly deduction of $30.40 is "disposable income" re-

---

* The parties agreed to the confirmation of the plan as proposed which would be modified by increasing the monthly payments by the $30.40 deduction, only if Island Finance prevailed. Thus, the Court entered the Order of Confirmation subject to its modification if Island Finance's objection succeeded.

ceived by the Debtors which is not a necessary expense within the purview of 11 U.S.C. § 1325(b) and thus, must be destined to pay creditors.

 The initial burden of producing evidence to support the contention that the Debtors are not applying all of their disposable income to the plan payments, rests upon the creditor who objects to the confirmation of the plan. *Educational Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (C.A.8, 1987). In this case Island Finance has limited itself to stating "According to the Chapter 13 statement and the budget submitted there is disposable income which is not being applied to make payments under the plan." During the hearing Island Finance stated that the disposable income was the $30.40 which the Debtors showed as a compulsory payroll deduction in favor of the Asociación de Empleados del E.L.A. This alone would not seem to support Island Finance's claim that Margarita Santiago Mejías was overestimating her expenses and not committing all of her disposable income to payments under the proposed plan.

Furthermore, a review of the Law and the evidence produced by the Asociación de Empleados show that the $30.40 monthly deduction is compulsory and a condition for Mrs. Santiago Mejías continued employment as a public school teacher. See 18 Laws of P.R.Ann. Section 335 and 3 Laws of P.R. Ann. Section 862h. Thus, by definition this compulsory monthly payroll deduction is not "disposable income" because it is akin to an expense necessarily expended if Mrs. Santiago Mejías is going to continue to be engaged in her normal business venture of being a teacher.

Lastly, Bankruptcy courts have interpreted 11 U.S.C. § 1325(b) as possessing a "voluntary tone ... which [allow it] to be applied at the Court's discretion." *In re Otero*, 48 B.R. 704, 708 (Bkrtcy.E.D.Va., 1985). But see, 3 *Norton Bankruptcy Law and Practice*, Section 75.10.

Under these circumstances the Court finds the $30.40 compulsory deduction is not a significant or substantial amount extracted from Debtor's payroll. 5 *Collier on Bankruptcy*, Section 1325.08[4][b] (15th ed.) The deduction fulfills a public policy enunciated by the Legislature of the Commonwealth of Puerto Rico which this Bankruptcy Court will respect and uphold.

Wherefore, Island Finance's objection to confirmation is DENIED.