**In re SMITH, Bud Virgil and Smith, Marcella Rae, Debtors.**

**Bankruptcy No. 95–00584.**

United States Bankruptcy Court, D. Idaho.

Aug. 1, 1995.

Kenneth L. Anderson, Lewiston, Idaho, for debtors.

L.C. Spurgeon, Trustee.

MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

The Chapter 13 debtors seek confirmation of their plan over the trustee's objection.

*FACTUAL BACKGROUND*

Bud and Marcy Smith (the "debtors") filed their petition for relief under Chapter 13 of Title 11 of the United States Code on March 7, 1995. The debtors' first plan provided for 54 monthly payments of $2,100.00 each. At the May 15, 1995 confirmation hearing on the plan, the Court ruled the plan would be confirmed without further hearing subject to the debtors' providing the trustee with copies of their 1994 tax returns. The plan has never been confirmed.

On May 26, 1995, the debtors filed an amended Chapter 13 plan which provided for payments of only $1,726.00 per month. The debtors also filed amended Schedules I and J. The principle difference between original schedules and the amended ones is that the Amended Schedule I lists the debtors' gross earnings as $1,417, not $1000.00+ and the Amended Schedule J shows the a life insurance premium of $300.00 per month.

The trustee objected to confirmation of the amended plan on the grounds the plan did not provide for full payment of Nez Pierce

County's allowed secured claim and because he did not believe the $300.00 life insurance premium is a necessary expense. The debtors agreed to increase the amount paid Nez Pierce County under the plan and to submit proof of the life insurance premium within 30 days.

11 U.S.C. § 1325(b) provides:

(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b).

The trustee has objected to the debtors' amended plan on the basis the plan does not provide for full payment of all unsecured claims. Therefore the plan may not be confirmed unless it provides for payment of all of the debtors' disposable income. If the $300.00 per month life insurance premium is reasonably necessary for the maintenance or support of the debtors or a dependant of the debtors then the plan complies with § 1325(b). However, if the life insurance premium is not reasonable necessary then plan may not be confirmed.

■ This Court has not yet considered whether payments for life insurance premiums are "reasonably necessary for the maintenance or support of a debtor." However, in *In re Cavanaugh,* 175 B.R. 369, 373 (Bankr.D.Idaho 1994) this Court held that although payments to 401K or other retirement accounts which are required by the law or as a condition of employment are reasonably necessary expenses, voluntary contributions to retirement accounts are not reasonably necessary. *See also In re Scott,* 142 B.R. 126, 135 (Bankr.E.D.Va.1992) (voluntary contributions to ERISA plan are not reasonably necessary expenses under § 1325(b)); *In re Fountain,* 142 B.R. 135, 137 (Bankr. E.D.Va.1992) (debtor may not make payments to pension plan during life of chapter 13 plan unless debtor pays her unsecured creditors in full); *In re Ward,* 129 B.R. 664, 668 (Bankr.W.D.Okl.1991) (voluntary payroll deductions for savings plan were not necessary expenses); *In re Colon Vazquez,* 111 B.R. 19, 20 (Bankr.D.Puerto Rico 1990) (where Puerto Rico law required deduction from teacher's payroll for the establishment of savings account, the mandatorily deducted amount was not disposable income); *In re Festner,* 54 B.R. 532, 533 (Bankr.E.D.N.C. 1985) (voluntary contribution to retirement plan was not a necessary expense).

■ Like retirement plans and savings accounts, life insurance policies are a means by which the debtor contributes his present income to the future income of the policy beneficiary. If the policy has a cash value, the policy may be used for the debtors' retirement. Thus, absent a showing that the life insurance is required by law, the life insurance premium is not a necessary expense. The debtors have not shown the policy is required by law, therefore the premium is not a necessary expense.

Confirmation of the debtors' plan will be denied by separate order.