**In re Bud Virgil SMITH and Marcella Rae Smith, Debtors.**

**Bud Virgil SMITH and Marcella Rae Smith, Appellants,**

v.

**L.C. SPURGEON, Trustee, Appellee.**

**BAP No. ID–95–2231–JaRJ. Bankruptcy No. 95–00584.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument Sept. 19, 1996.

Decided Nov. 18, 1996.

Kenneth L. Anderson, Lewiston, ID, for Bud Virgil Smith and Marcella Smith.

Before: JAROSLOVSKY[1], RUSSELL and JONES, Bankruptcy Judges.

---

## OPINION

JAROSLOVSKY, Bankruptcy Judge:

This is an appeal from an order denying confirmation of a Chapter 13 plan. The debtors had proposed a plan calling for payments of $1726.00 per month for 54 months, with most of this going to the holder of the mortgage on the debtors' home.

The only objection was raised by the Chapter 13 trustee. He argued that the "disposable income" provision of section 1325(b)(1)(B) was not met because the debtors were paying $300.00 per month in life insurance premiums. That section provides, in pertinent part:

> (b) (1) ... the court may not approve the plan unless, as of the effective date of the plan-
>
>> (b) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Section 1325(b)(2)(A) defines "disposable income" for this case as follows:

> (2) For purposes of this subsection, "disposable income" means income which is received by a debtor and which is not reasonable necessary to be expended-
>
>> (A) for the maintenance or support of the debtor or a dependent of the debtor....

In a written decision,[2] the bankruptcy judge sustained the trustee's objection and denied confirmation. He likened life insurance to retirement contributions, and concluded that as a matter of law "absent a showing that the life insurance is required by law, the life insurance premium is not a necessary expense" under section 1325(b)(2)(A).

We VACATE the order denying confirmation and REMAND for further proceedings.

## I. FACTS

The record on appeal is entirely bereft of facts. The debtors argue that they are elderly, and have two dependents: a mentally-handicapped 21-year-old son and a three-year-old granddaughter. The debtors allege that they have legal custody of the granddaughter, and that the life insurance is needed to insure the care of the two dependents. The debtors state that these facts were brought out in the bankruptcy court proceedings and not contested. There is nothing in the appellate record to substantiate these facts.

In its written decision, the bankruptcy court made no findings of fact. It based its decision solely on the legal conclusion that a life insurance premium can never be a necessary expense unless it is required by law. Because we find this blanket rule in error, we remand the case for factual findings.

## II. ISSUE

The only legal issue in this case is whether life insurance premium payments not required by law may never be necessary expenses in a Chapter 13 case.

## III. STANDARD OF REVIEW

 Conclusions of law made in determining the confirmability of a Chapter 13 plan are reviewed *de novo*. *In re Porter*, 102 B.R. 773, 775 (9th Cir. BAP 1989); *In re Klein*, 57 B.R. 818, 819 (9th Cir. BAP 1985). Even where discretion is involved, the exercise of discretion based on an incorrect conclusion of law is reviewable *de novo*. *In re Warren*, 89 B.R. 87, 90 (9th Cir. BAP 1988).

---

1. The Honorable Alan Jaroslovsky, Bankruptcy Judge for the Northern District of California, sitting by designation.

2. *In re Smith*, 187 B.R. 678 (Bankr.D.Idaho 1995).

## IV. DISCUSSION

In reaching its legal conclusion, the bankruptcy court likened life insurance premiums to retirement contributions. The court reasoned:

> Like retirement plans and savings accounts, life insurance policies are a means by which the debtor contributes his present income to the future income of the policy beneficiary. If the policy has a cash value, the policy may be used for the debtors' retirement. Thus, absent a showing that the life insurance is required by law, the life insurance premium is not a necessary expense.

187 B.R. at 679.

■ This blanket rule is in error because it does not take into account different types of life insurance and different circumstances of individual debtors. Some types of life insurance are indeed mainly estate planning devices which ought to be treated as retirement contributions. However, other types of life insurance are intended to legitimately protect the debtor's dependents from destitution if the debtor were to die. Like other budget items, whether a life insurance premium is a necessary expense is a matter which must be determined on a case-by-case basis. *See Matter of Killough,* 900 F.2d 61, 65 n. 9 (5th Cir.1990); *In re Gillead,* 171 B.R. 886, 890 (Bankr.E.D.Cal.1994).

■ The bankruptcy court in this case made no finding that the debtors' life insurance policies had retirement benefits at all. Assuming some residual benefits, the focus of its inquiry must nonetheless be whether the policies are reasonably necessary for the support of the debtors' dependents. In cases where the debtors have very young or handicapped dependents, the *absence* of a budget for life insurance may call a Chapter 13 plan into question. *See, e.g. In re Crompton,* 73 B.R. 800, 809 (Bankr.E.D.Pa.1987). This is a matter for the exercise of sound discretion by the court; a *per se* rule is error.

## V. CONCLUSION

The bankruptcy court denied confirmation of the debtors' Chapter 13 plan based on the erroneous conclusion of law that life insurance premiums may never be necessary expenses unless mandated by law. We accordingly VACATE the order denying confirmation and REMAND to the bankruptcy court for determination in the light of this decision.