**In re Jean A. HANSEN, Debtor.**

**Bankruptcy No. 99–B–28361.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 4, 2000.

John C. Renzi, Joliet, IL, for Plaintiff.

Glenn B. Stearns, trustee.

### RULING ON OBJECTION TO CONFIRMATION

JOAN H. LEFKOW, Bankruptcy Judge.

Debtor Jean A. Hansen (the "Debtor") seeks relief under Chapter 13 of the United States Bankruptcy Code (the "Code") and has submitted an Amended Chapter 13 Plan (the "Plan") for confirmation. Glenn Stearns, the Standing Chapter 13 Trustee (the "Trustee"), objects to confirmation alleging that the debtor is not committing all of her disposable income to the plan. Additionally, the Trustee prays that the debtor's case be dismissed for cause under 11 U.S.C. § 1307(c).[1]

#### JURISDICTION AND PROCEDURE

This court has jurisdiction to decide this matter under 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(L).

#### FACTS

On February 1, 2000, the debtor filed the Amended Plan. It proposes that the debtor will pay $625 per month to the Trustee for a period of 48 months, from which the creditors with secured and § 507[2] priority claims "shall be paid 100% of allowed claims." The Plan estimates that any general unsecured creditors will receive thirty percent of the amount of their claims during the life of the Plan, or, if this does not occur, the Plan provides that the debtor will continue her monthly Plan payments for the shorter of 12 additional months or until the Trustee has received sufficient funds to pay the unsecured creditors thirty percent of their claims.

---

1. The Trustee did not specify on what ground he seeks dismissal.

2. All statutory references are to Title 11 of the United States Code unless otherwise noted.

The debtor's Schedule I indicates that she is contributing $600 per month to a retirement account. The debtor has indicated that she is willing to reduce her monthly contribution from $600 to $400. Additionally, it is undisputed that the debtor is required to contribute $100 per month to the retirement account, and the Standing Trustee does not object to that portion of the budget as not reasonably necessary. Therefore, that amount is not at issue here.

## DISCUSSION

The Trustee contends that the debtor's voluntary pension contribution is not a reasonably necessary expense and constitutes disposable income, and that, therefore, the debtor is not committing all of her disposable income to the Plan. Debtor argues that the expense is reasonably necessary in light of debtor's age (69), the tax penalties involved in forgoing the contribution, and the fact that she is allocating 30 percent of her payments to unsecured creditors, more than the typical plan in this district.

The court agrees with the Trustee that the debtor's Plan cannot be confirmed because it does not provide that all of the debtor's disposable income will be applied to the Plan as required by § 1325(b)(1)(B). § 1325 provides:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-

. . . .

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Disposable income is defined in § 1325:

(b)(2) For the purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended-

(A) for the maintenance or support of the debtor or a dependent of the debtor. . . .

■ Consequently, the disposable income requirement turns on whether the debtor's budgeted expenses are reasonably necessary. *In re Reyes,* 106 B.R. 155, 157 (Bankr.N.D.Ill.1989).

■ What is "reasonably necessary" is a question of fact for which the outcome can vary from judge to judge and jurisdiction to jurisdiction. *In re Bolger,* 1998 WL 351032, *4 (Bankr.N.D.Ill.1998). Determining what is "reasonably necessary" and what is not requires the court to "engage in the unenviable task of scrutinizing the debtor's schedule of income and expenditures." *In re Johnson,* 241 B.R. 394, 398 (Bankr.E.D.Tex.1999). There is no bright line rule for determining what is "reasonably necessary." *Reyes,* 106 B.R. at 157. Because there is no precise standard, some courts have strictly scrutinized expenses, some have been more deferential to the debtor, and most have settled at a some median between these two extremes. *Johnson,* 241 B.R. at 398.

■ It is clear that food, clothing and other essentials are considered "reasonably necessary" for the debtor's maintenance and support. *Id.* Some courts also allow expenditures for recreation, clubs, magazines, newspapers and the like. *Id.* at 399. In any event, "reasonably necessary" probably means adequate, but not first class, and luxury items are excluded. *Bolger,* 1998 WL 351032 at *4 (citation omitted). While judges should not allow debtors to continue in a lifestyle that drove them into bankruptcy, courts should not require debtors to alter their lifestyle where there is no obvious indulgence in luxuries. *Id.* (citation and internal quotation omitted).

■ Although in most instances there is no bright line rule regarding what is rea-

sonably necessary and what is not, there is an overwhelming consensus among courts that a debtor's voluntary payment into a pension or retirement plan is not an expenditure reasonably necessary for the debtor's maintenance and support while the Chapter 13 plan is pending. *Johnson,* 241 B.R. at 399; *Anes v. Dehart (In re Anes),* 195 F.3d 177, 180–81 (3d Cir.1999). *See also In re Nation,* 236 B.R. 150, 152 (Bankr.S.D.N.Y.1999); *In re Cornelius,* 195 B.R. 831, 835 (Bankr.N.D.N.Y.1995); *In re Cavanaugh,* 175 B.R. 369, 373 (Bankr.D.Idaho 1994); *In re Fountain,* 142 B.R. 135, 137 (Bankr.E.D.Va.1992). Funds contributed by a debtor into an account for the debtor's own future benefit are clearly not "reasonably necessary to be expended … for the maintenance or support of the debtor or a dependent of the debtor." *Nation,* 236 B.R. at 152. If the funds were necessary for the maintenance or support of the debtor, the debtor could not put them into a pension account. *Id.* Additionally, most courts perceive an inherent unfairness in allowing a debtor to pay herself by funding her pension plan while paying creditors only a fraction of their claims. *Id.*

While investing for retirement is financially prudent, it is not a necessary expense for the support of debtors. *In re Lindsey,* 122 B.R. 157, 158 (Bankr. M.D.Fla.1991). Such investments are made with disposable income; disposable income is not what is left after debtors contribute to retirement or pension accounts. *Id.* Therefore, because these contributions are disposable income, bankruptcy courts may order a debtor to cease making contributions to a retirement or savings account during the life of the Chapter 13 plan and instead devote the funds to plan payments. *See In re Smith,* 222 B.R. 846, 861 (Bankr.N.D.Ind.1998).

Because the debtor's Plan does not provide that all of her disposable income will be applied to make payments under the Plan, it cannot be confirmed. This court does not find it necessary at this time to dismiss the debtor's case under § 1307(c), and will allow the debtor additional time to amend the Plan such that funds now being contributed to the debtor's voluntary pension plan would instead be devoted to Plan payments.

*CONCLUSION*

For the above reasons, the Trustee's objection to the confirmation of debtor's Amended Chapter 13 Plan is hereby sustained. The debtor may file a new Chapter 13 Plan within fourteen days of the date of this ruling and, in the event that the debtor fails to file a new Chapter 13 Plan within fourteen (14) days of the date of this ruling, absent a further order of the court extending such deadline for cause shown, or in the event that the debtor fails to confirm such new Chapter 13 Plan, this Chapter 13 case shall be dismissed pursuant to § 1307(c)(5). A status hearing will be held on February 18, 2000.

This Opinion constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.