**In re Bernard Nicholas MERRILL, Debtor.**

**No. 300–33270–TMB13.**

United States Bankruptcy Court, D. Oregon.

Nov. 21, 2000.

Stephen Boyke, Portland, OR, for debtor.

Wayne Godare, for Chapter 13 Trustee.

## MEMORANDUM OPINION

TRISH M. BROWN, Bankruptcy Judge.

This matter came before the court on September 21, 2000 on the Chapter 13 Trustee's objection to confirmation of the Debtor's proposed Chapter 13 plan. The Trustee was represented by Wayne Godare and the Debtor was represented by Stephen Boyke.

The Debtor proposes to pay $96.00 per month to his employers 401(k) retirement plan. The Trustee contends that the Debtor's plan does not comply with the "disposable income" provision of section 1325(b)(1)(B) because of the $96 per month contribution.

For the reasons cited below, I will sustain the Trustee's Objection to the Debtor's Chapter 13 Plan.

### FACTS

The Debtor, Bernard Merrill, is a 53 year old male employed as a Property Manager for Guardian Management Co. He is single and has no dependants. His "Total Monthly Income", without a deduction for the 401(k) deduction is $1,225.00.

The Debtor lives on the property he is managing and a housing charge of $1,055 is deducted from his gross pay. The remainder of his expenses total $865. The Debtor lives frugally. He does not have cable TV or other entertainment with the exception of a self professed habit of reading the New York Times. The recreation line item on Schedule J is $100 per month. The Debtor has no life insurance. He has no car payment. He has a second job which he estimates will provide a $64.00 per month revenue. He seeks to contribute $96.00 per month as a voluntary contribution into the Guardian Management Corporation Profit Sharing Plan ("Profit Sharing Plan"). At the time of filing, his interest in the Profit Sharing Plan was $590.56.

The Debtor's Chapter 13 Plan payments are $264.00 per month. The parties agreed that if the Debtor stopped contributing to the Profit Sharing Plan his income taxes would increase and therefore the additional income into the Debtor's Chapter 13 Plan would be $2,680.00 ($73.00 ×

36 months). As proposed, the Debtor's Chapter 13 would not pay any dividend to unsecured creditors. If the Debtor either doesn't contribute to the Profit Sharing Plan or contributes but extends his Chapter 13 Plan, the unsecured creditors will receive a dividend.[1]

## CONCLUSIONS OF LAW

Under 1325(b)(1) [2] of the Bankruptcy Code, if the trustee or an unsecured creditor objects to the Chapter 13 Plan, the court may not confirm the plan unless it provides for either repayment of 100% of the debt owed to the unsecured creditors, or that all of the Debtor's disposable income will be paid into the plan for at least three years. In the present case, the Debtor does not propose to pay 100% of his unsecured debt. Therefore, it is left with this Court to determine whether the Debtor has proposed to pay all of his disposable income into the plan.

The term disposable income is defined as "income which is received by the debtor and which is not reasonably necessary to be expended ... for the maintenance and support of the debtor or a dependent of the debtor," 11 U.S.C. § 1325(b)(2)(A).

The Trustee argues that as a matter of law a contribution to a voluntary retirement plan is not a reasonably necessary expense for a debtor's maintenance or support and that therefore the amount of that contribution is disposable income which must be applied to the Debtor's plan under § 1325(b)(1)(B). The Trustee cited numerous cases in support of his objection. See e.g. *In re Hansen*, 244 B.R. 799, 802 (Bankr.N.D.Ill., 2000); *In re Tibbs*, 242 B.R. 511, 517 (Bankr.N.D.Ala.1999); *In re*

*Delnero*, 191 B.R. 539, 542 (Bankr. N.D.N.Y.1996); *In re Cornelius*, 195 B.R. 831, 835 (Bankr.N.D.N.Y.1995); *In re Moore*, 188 B.R. 671, 675 (Bankr.D.Idaho 1995); *In re Hesson*, 190 B.R. 229, 237–38 (Bankr.D.Md.1995); *In re Cavanaugh*, 175 B.R. 369, 373 (Bankr.D.Idaho 1994); *In re Cardullo*, 142 B.R. 138, 140 (Bankr. E.D.Va.1992); *In re Festner*, 54 B.R. 532, 533 (Bankr.E.D.N.C.1985). See also, 2 Keith M. Lundin, Chapter 13 Bankruptcy § 5.36, at 5–107 (2d Ed.1994).

The Debtor contends that there is no *per se* rule barring a Chapter 13 debtor from making voluntary contributions to a § 401(k) plan and that under the facts and circumstances of his case, such a contribution should be allowed.

The Debtor concedes that the weight of authority supports the Trustee's position. However, the Debtor urges this court to reject the adoption of a *per se* rule and follow the holding of *In re Mills*, 246 B.R. 395 (Bankr.S.D.Cal.2000) which held that determination of whether a contribution to a retirement account is a reasonably necessary expense must be decided on a case by case basis.

In *Mills* the debtor filed a Chapter 7 petition. The United States Trustee moved to dismiss the case for substantial abuse unless the debtor converted to a Chapter 13, arguing that the debtor had sufficient disposable income to repay a substantial portion of his debt. *Id.* at 398.

According to the debtor's schedules he had a monthly gross income of $3,019. His employer withheld approximately $1,073 from that amount for taxes and

---

1. In formulating a new plan, the Debtor should keep in mind the time value of money and take that into account if he proposes to keep making the 401(k) contribution with a longer plan. He must meet a best interest test, which should factor in the time value of money if the unsecured creditors must wait until the 37th month to receive any payments.

2. Section 1325(b)(1) provides, in pertinent part:

(A) the value of the property to be distributed under the plan on account of [an allowed] claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

social security, contributions to the debtor's 401(k) plan, and repayment of a loan from that plan. *Id.* at 399. The trustee argued that the amount of the deductions for contribution to the 401(k) plan and repayment of the 401(k) loan should be added to the debtor's disposable income for determination of his ability to repay his debts. *Id.* at 399.

The *Mills* court found that most decisions addressing the issue of whether contributions to a voluntary retirement plan were reasonably necessary "appear to endorse a *per se* rule prohibiting the inclusion of 401(k) contributions being considered 'reasonably necessary' for the support and maintenance of the debtor as a matter of law." *Id.* at 401. However, it declined to adopt such a rule stating that:

"[t]here is no bright line test for determining whether a debtor's expenses are reasonably necessary for his maintenance and support. The reasonableness of a debtor's expenses must be determined from the totality of the debtor's individual circumstances. A debtor must also be allowed some degree of discretionary spending, which must be judged for reasonableness." *Id.* at 402 (citations omitted)

*Mills* is not binding precedent on this court and I decline to follow it. The *Mills* court based its decision, in part, on *In re Smith,* 207 B.R. 888, 890 (9th Cir. BAP 1996) in which the court held that there is no *per se* rule prohibiting a debtor from deducting life insurance premiums as reasonably necessary expenses. I believe that the *Mills* court's reliance on *Smith* was misplaced.

In *Smith* the trustee objected to confirmation of the debtors' Chapter 13 plan on the basis that it did not meet the disposable income test due to inclusion of a $300 per month expense for life insurance. The bankruptcy court sustained the trustee's objection holding that, as a matter of law, life insurance premiums were not reasonably necessary for the support of the debtors or their dependents. *Id.* at 889.

The Ninth Circuit BAP reversed on appeal, holding that the bankruptcy court erred in adopting a *per se* rule that life insurance premiums are not reasonably necessary expenses for a Chapter 13 debtor. In doing so the BAP noted:

In its legal conclusion, *the bankruptcy court likened life insurance premiums to retirement contributions. The court reasoned: Like retirement plans and savings accounts, life insurance policies are a means by which the debtor contributes his present income to the future income of the policy beneficiary.* If the policy has a cash value, the policy may be used for the debtors retirement. Thus, absent a showing that the life insurance is required by law, the life insurance premium is not a necessary expense. This blanket rule is in error because it does not take into account different types of life insurance and different circumstances of individual debtors. *Some types of life insurance are indeed mainly estate planning devices which ought to be treated as retirement contributions.* However, other types of life insurance are intended to legitimately protect the debtor's dependents from destitution if the debtor were to die. Like other budget items, whether a life insurance premium is a necessary expense is a matter which must be determined on a case by case basis. *Id.* at 890 (citations omitted; emphasis added)

■ I do not read this language to support the debtor's position that the court must look to the facts and circumstances of a particular case to determine whether payments to a retirement plan are reasonably necessary. On the contrary, the language seems to suggest that while life insurance policies that are intended to protect the debtor's dependents in the event of his or her death during the plan term may be reasonably necessary, those that are used solely as estate planning devices to provide for the debtor's future income are, like retirement contributions, unrea-

sonable as a matter of law. I agree. "[P]ension plans and stock purchases may be a wise investment which enhance an individual's financial security, but the debtor is not entitled to acquire them at the expense of unpaid creditors." *In re Festner*, 54 B.R. 532, 533 (Bankr.E.D.N.C. 1985).

The Debtor's efforts to keep expenses to a minimum are laudable. Contribution to the Profit Sharing Plan while desirable from the Debtor's standpoint, is not an expenditure which is reasonably necessary for his maintenance and support. The Debtor is not allowed to acquire financial security for the future at the expense of his unsecured creditors.

I hereby sustain the Trustee's Objection to the Debtor's Chapter 13 Plan. Confirmation of the Plan will be denied. An Order Denying Confirmation and Granting the Debtor an additional 28 days to file a new plan will be entered shortly.