**In re Dorothy T. GUILD, Debtor.**

**No. 00–17404–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 8, 2001.

Doreen B. Solomon, Kara M. Lucciola, Office of the Chapter 13 Trustee, Boston MA, for the Standing Chapter 13 Trustee.

Edward J. Neville, III, Mauser & Mauser, Boston, MA, for the Debtor.

## DECISION ON TRUSTEE'S MOTION TO DISMISS CASE

WILLIAM C. HILLMAN, Chief Judge.

### I. Introduction

The matter before the Court is the Chapter 13 Trustee's (the "Trustee") "Motion by Chapter 13 Trustee to Dismiss Case" (the "Motion") on the grounds that the Debtor has failed to dedicate all of her disposable income to fund her Chapter 13 plan because she continues to have funds deducted from her monthly income for 401(k) loan repayment. Dorothy T. Guild (the "Debtor") responded to the Motion arguing that there should be no per se rule including 401(k) loan repayments in disposable income (the "Response"). I held a nonevidentiary hearing and took the matter under advisement.

### II. Statement of Facts

On November 7, 2000, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Her Schedules I and J indicated income in the amount of $2,636.26 which included a payroll deduction in the amount of $90.00 for her 401(k) loan and expenses in the amount of $2,614.72 which resulted in excess income in the amount of $21.54. On January 19, 2001, the Debtor filed an amended Schedule I and J indicating income in the amount of $2,715.11 which included a payroll deduction in the amount of $194.74 for her 401(k) loan repayment and expenses of $2,713.32 which resulted in excess income of $1.79.

On April 5, 2001, the United States Trustee filed a timely Motion to Dismiss the Debtor's case on the grounds that the Debtor's expenses listed on her Schedule J were excessive and unreasonable for a single person with no dependents and thus constituted a "substantial abuse of the bankruptcy process" pursuant to 11 U.S.C. § 707(b). The Debtor filed a response to the Motion to Dismiss as well as a Motion to Convert a Case Under Chapter 7 to Chapter 13 on April 13, 2001. The Debtor's Motion to Convert was granted on April 25, 2001. On May 10, 2001, the Debtor filed her Chapter 13 plan as well as amended Schedules B, C, I and J. The Chapter 13 plan provided for 60 monthly payments of $85.00 each. The amended Schedule I showed income in the amount of $2,750.11 as well as a deduction for a 401(k) loan repayment in the amount of $196.26 and the amended Schedule J showed expenses in the amount of $2,665.16.

On June 27, 2001, the Trustee filed the Motion based on the Debtor's failure to provide evidence of property value, to file an amended Schedule I to eliminate 401(k) loan payments and to file an amended Chapter 13 plan to reflect an increase in the monthly plan payment by $196.00 which would increase the dividend paid to the unsecured creditors. On July 17, 2001, the Debtor filed the Response which included an opinion of value with respect to the Debtor's principal residence. With reference to the amended Schedule I and the amended Chapter 13 plan, the Debtor argued that there should be no per se rule which prohibits a Chapter 13 debtor from making repayments on a 401(k) loan and that the "appropriateness of such loan repayments must be determined based on a consideration of all of the facts and circumstances of the case." Response, p. 2–3. After the hearing, the parties submitted briefs in support of their arguments.

### III. Position of the Parties

The Trustee argues that the Debtor's 401(k) loan repayment is disposable income, is not a reasonable and necessary expense for the maintenance or support of

the Debtor, and the Debtor should apply that money to her Chapter 13 plan.

The Debtor argues that there should be no per se rule prohibiting such loan repayments and that the appropriateness of 401(k) loan repayments should depend upon whether they are "reasonably necessary" for the support of the Debtor. The Debtor contends that the loan repayments are reasonably necessary and therefore need not be included in her disposable income. Additionally, the Debtor maintains that if she discontinues making her 401(k) loan repayments she will be in default and the remaining balance on the 401(k) loan will be treated, for income tax purposes, as a taxable distribution in the year 2001. This will result in tax liability as the Debtor will be required to pay all of the resulting federal and Massachusetts income taxes and penalties with her year 2001 income tax returns. In order to have adequate withholdings from which to pay this tax, the Debtor will have to increase her income tax withholding from her remaining paychecks during 2001. According to the Debtor, this increase in withholding will leave her with no current ability to make any plan payments for the remainder of 2001.

## IV. Analysis

If the trustee objects to the confirmation of a Chapter 13 plan, 11 U.S.C. § 1325(b)(1) requires that a debtor's plan provide for payment of all the debtor's disposable income for three years if unsecured creditors are to be paid less than a 100% dividend on their claims. The code describes disposable income as "income which is received by the debtor and which is not reasonably necessary to be expend-ed for the maintenance or support of the debtor..." 11 U.S.C. § 1325(b)(2)(A). The bankruptcy code does not define "reasonably necessary" nor is the term clearly defined in case law. "Whether income is 'reasonably necessary' for the debtors' maintenance and support is open to interpretation." In re Beckel, 268 B.R. 179, 183 (Bankr.N.D.Iowa 2001). This interpretation must strike a balance between debtors being required "to adopt a totally spartan existence" and allowing them to "continue an extravagant lifestyle at the expense of creditors." Id. at 183. "The Code, however, recognizes that debtors 'cannot live by bread alone'." Id. at 183 (quoting In re Gonzales, 157 B.R. 604, 608 (Bankr. E.D.Mich.1993)). Therefore, a court must factor into its analysis essential expenditures, "such as reasonable amounts budgeted for food, clothing and shelter" as well as "discretionary spending for items such as recreation, clubs, entertainment, newspapers, charitable contributions and other expenses ..." Id. at 183. Ultimately, "[t]he Court has the duty to examine the entire budget to determine whether all listed expenses are reasonable and necessary under § 1325(b)." Id. at 183. The issue in this case, therefore, is whether 401(k) loan repayments are deemed to be reasonably necessary to be expended for the maintenance or support of the Debtor.

As a preliminary matter, in a footnote in her post-petition brief, the Trustee suggests that 401(k) loan repayments and 401(k) contributions should be treated differently. The court in In re Nation, however, stated that the same analysis applies to both pension contributions and loan repayments.[1] 236 B.R. 150, 152 (Bankr.

---

**1.** Although I am aware that the court in New York City Employees' Retirement Sys. v. Sapir (In re Taylor), 243 F.3d 124 (2nd Cir.2001) specifically overruled In re Nation, the dis-tinction between repayment and contribution was not at issue in Nation and that discussion remains relevant.

S.D.N.Y.1999) ("Precisely the same statutory and equitable analysis applies to a debtor's repayment to a savings or pension plan of money 'borrowed' from the plan."). Additionally, in *New York City Employees Retirement Sys. v. Villarie (In re Villarie)* the Second Circuit held when a person borrows from his own retirement account, it does not create a true loan in the sense of a legally enforceable debt or claim by a third party claimant or debtor. 648 F.2d 810, 812 (2d Cir.1981). Based upon these cases, I conclude that there is no meaningful difference between 401(k) loan repayment and contribution.

■ The majority of the cases support the Trustee's position that 401(k) loan repayments are not reasonably necessary and apply a per se rule including 401(k) loan repayments in disposable income. The primary case upon which the Trustee relies is *In re Harshbarger*, 66 F.3d 775 (6th Cir.1995). In *Harshbarger*, the husband and wife filed for Chapter 13 bankruptcy and proposed to continue the $61.17 monthly payroll deduction used to repay a loan from an ERISA account. *Id.* at 776. The Chapter 13 trustee filed an objection to confirmation saying that the debtors were required to commit all of their disposable income to the plan and the loan repayment amount constituted disposable income. The court agreed with the trustee saying "[t]his expenditure may represent prudent financial planning, but it is not necessary for the 'maintenance or support' of the debtors." *Id.* at 777. Additionally, the court stated "[i]n these circumstances, 'it would be unfair to the creditors to allow the Debtors in the present case to commit part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend.'" *Id.* at 788 (quoting *In re Jones*, 138 B.R. 536, 539 (Bankr. S.D.Ohio 1991)). The *Harshbarger* court

chose not to review the facts specific to the debtors' situation but rather to view the pension loan repayments standing alone and thus adopted a "bright line" rule that loan repayments are not reasonably necessary for the maintenance and support of a debtor.

Other cases apply this "bright line" rule to 401(k) loan repayments. In *In re Anes*, 195 F.3d 177 (3rd Cir.1999), the court affirmed the decision of the district court and upheld the dismissal of the Chapter 13 case for failure to satisfy 11 U.S.C. § 1325(b)(1). The court stated "[i]n effect, the payments are contributions to the Debtors' retirement accounts. Voluntary contributions to retirement plans, however, are not reasonably necessary for a debtor's maintenance or support and must be made from disposable income." *Id.* at 180–81. Once again the court did not take into consideration any of the specific circumstances surrounding the case and instead adopted a per se rule prohibiting the debtors from continuing to make the loan repayments.

Additionally, the court in *In re Johnson*, 241 B.R. 394, 400 (Bankr.E.D.Tex.1999) reasoned "[i]f such money were 'necessary for the maintenance or support of the debtor,' obviously the debtor could not put it in a savings or pension account." Finally, "... most courts 'perceive an inherent unfairness in a debtor paying himself by funding his own savings account, retirement plan, or pension fund while paying creditors only a fraction of their just claims.'" *Id.* (quoting *In re Nation*, 236 B.R. 150, 152 (Bankr.S.D.N.Y.1999)).

The Debtor relies primarily upon the second circuit case of *New York City Employees' Retirement Sys. v. Sapir (In re Taylor)*, 243 F.3d 124 (2nd Cir.2001). In *Taylor*, the Chapter 13 trustee objected to confirmation of the Chapter 13 plan which provided for less than 100% payout to

unsecured creditors while allowing the debtors to devote funds to repayment of pension loans. Both the Bankruptcy Court and the District Court applied a per se rule including the funds used to repay the pension loans in the debtors disposable income, however, the court of appeals disagreed with the application of a per se rule. The *Taylor* court held "[i]t is within the discretion of the bankruptcy court judge to make a decision, based on the facts of each individual case, whether or not the pension contributions qualify as a reasonably necessary expense for that debtor." *Id.* at 129. The *Taylor* court held:

the bankruptcy judge may consider any factors properly before the court, including but not limited to: the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor's fresh start; the number and nature of the debtor's dependants; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debtor's yearly income; the debtor's overall budget; who moved for an order to discontinue payments; and any other constraints on the debtor that make it likely that the pension contributions are reasonably necessary expenses for that debtor.

*Id.* at 129–30.

There are other cases that support the reasoning in *Taylor*. *In re Mills* held that there was no per se rule against a debtor's voluntary 401(k) contribution being considered reasonably necessary for the maintenance and support of the debtor but, instead, the issue should be determined on a case-by-case basis. 246 B.R. 395, 401 (Bankr.S.D.Cal.2000). As grounds, the court explained that since neither the text of 1325(b)(2)(A) nor the legislative history specify what types of expenses are to be considered "reasonably necessary" there should be no bright line test applied and the "reasonableness of the debtors expenses should be determined from the totality of the debtor's circumstances." *Id.* at 401–02.

There is an inherent unfairness in adopting a per se rule that says retirement loan repayments are never reasonably necessary for the maintenance and support of a debtor and thus should always be considered disposable income. The words "reasonably necessary" are subject to interpretation. "[T]he use of a phrase such as 'reasonably necessary' appears to invite the Court to look at the circumstances of each case and each individual debtor, and his or her obligations under State law or contract to determine whether such obligations are in fact reasonably necessary for the support of debtors and their dependents." *In re Davis*, 241 B.R. 704, 709 (Bankr.D.Mont.1999).

What the *Taylor* line of cases exemplify is that equity is best served by a complete review of the facts of each case rather than a per se rule which holds in all circumstances that loan repayments are never reasonably necessary for the maintenance support of the debtor and thus are always to be considered disposable income. Consequently, I conclude the facts surrounding each individual case must be analyzed in order to make a fair determination as to whether the money being utilized for loan repayment is "reasonably necessary" for the maintenance and support of a debtor.

## V. Conclusion

Based upon the foregoing, I am unable to rule on the Motion at this time. I will schedule an evidentiary hearing at which both sides may present evidence, in accor-

dance with the guidelines set forth in *Taylor*, to establish whether the loan repayments are reasonably necessary for the Debtor.