**In re Jose A. CARABALLO RIVERA and Santa H. Rivera Montalvo, Debtors.**

No. 03–04201(GAC).

United States Bankruptcy Court, D. Puerto Rico.

July 8, 2005.

13

Monsita Lecároz Arribas, Esq., for Chapter 13 Trustee.

Reinaldo Babilonia, Esq., for Party in Interest Asociación de Empleados del Estado Libre Asociade de Puerto Rico (Puerto Rico Commonwealth Employees' Association).

Antonio I. Hernandez Santiago, Esq., Victor R. Rodriguez Fuentes, Esq., for Party in Interest Junta de Retiro Para Maestros de Puerto Rico (Teachers' Retirement Board).

Maria Mercedes Figueroa y Morgade, Esq., for Intervenor Commonwealth of Puerto Rico Administration of the Retirement System of Government Employees and the Judiciary.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it a motion for summary judgment filed by the Chapter 13 Trustee, José R. Carrión Morales (the "Trustee"), in which the Trustee objects to the confirmation of the Chapter 13 plan dated May 21, 2003. Creditors, Asociación de Empleados del Estado Libre Asociade de Puerto Rico (Puerto Rico Commonwealth Employees' Association, hereinafter "AEELA") and Junta de Retiro Para Maestros de Puerto Rico (Teachers' Retirement Board, hereinafter "JRM"), each filed a response to the Trustee's motion. Intervenor Commonwealth of Puerto Rico Administration of the Retirement System of Government Employees and the Judiciary (hereinafter "ASR" for its acronym in the Spanish language) also filed its response. However, the Debtors, represented by counsel in this case, have not responded to the Trustee's motion. The Trustee filed his reply to the responses, and the other parties each further filed their responses to the Trustee's reply.

A hearing was initially set for August 27, 2004, and it was subsequently rescheduled for September 21, 2004, upon the Debtors' request. (Ct.Doc. 51.) However, neither the Debtors nor their counsel appeared at the rescheduled hearing. At the conclusion of the hearing, the Court took the matter under advisement. For the reasons set out below, the Trustee's objection is sustained in part and overruled in part, and the confirmation of the Debtors' Chapter 13 plan is denied.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

The facts are not disputed. The Debtors, Jose A. Caraballo Rivera and Santa H. Rivera Montalvo, filed their voluntary Chapter 13 petition in this Court on April 25, 2003. The Debtors are teachers working for the Department of Education for the Commonwealth of Puerto Rico. Both Debtors are members of JRM, an association administering the retirement system of the teachers of Puerto Rico, and by virtue of their membership and the provisions of Puerto Rico Teachers' Retirement Act ("Teachers' Retirement Act"), 18 L.P.R.A. § 321 et al., 6% of each Debtor's salary is deducted from their payroll as their retirement contributions to JRM, and the Debtors are allowed to obtain loans against their accumulated retirement contributions with JRM. According to Schedule I, $89.46 and $198.96 per month are automatically deducted from Mr. Caraballo's salary and Ms. Rivera's salary, respectively, and placed in retirement funds with JRM. Schedule I also shows that Mr. Caraballo and Ms. Rivera make payments of $436.34 and $149.72, respectively, to repay a loan from their retirement funds with JRM. The plan requires the Debtors to

make monthly plan payments of $150 for 36 months for total payments of $5,400. These payments result in a 4% dividend to the general unsecured creditors.

The Trustee objects to confirmation of the Debtors' Chapter 13 plan on the grounds that the Debtors' monthly pension contributions and loan repayments are not reasonably necessary expenses and, therefore, need to be included in their disposable income. JRM, AEELA, and ASR (the "Respondents") contest the Trustee's objection, arguing that because the retirement fund contributions and loan repayments are mandatory under Puerto Rico law, these are reasonable and necessary expenses.

### DISCUSSION

■ When the Trustee objects to the confirmation of the plan, "the court may not approve the plan . . ., unless all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan is applied to make payments under the plan, if unsecured creditors are not being paid in full." 11 U.S.C. § 1325(b)(1)(B). *See also In re Cardillo,* 170 B.R. 490, 490–91 (Bankr. D.N.H.1994). Disposable income is defined in § 1325(b)(2),[1] as "income which is received by the debtor and which is not reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor . . ."

But, the Bankruptcy Code does not define "reasonably necessary." What expenses are "reasonably necessary" is a fact question determined by the Court in the context of individual debtors and their dependents. Keith M. Lundin, CHAPTER 13 BANKRUPTCY, 3d. Ed. § 165.1 (2000 & Supp. 2002). Thus, the issue before the Court is whether compulsory retirement contributions and loan repayments are deemed to be reasonably necessary expenses.

The Trustee requests this Court to set aside a previous case which ruled that a compulsory 3% wage deduction required of school teachers by Puerto Rican law that goes into the AEELA, is not disposable income.[2] *See In re Colon Vazquez,* 111 B.R. 19 (Bankr.D.P.R.1990). The Trustee argues that this case was decided over ten years ago, and the public policy interest it intended to preserve is now mostly obsolete, at least in a bankruptcy scenario.

Addressing only the pension contribution question,[3] the *Colon Vazquez* court opined that the $30.40 monthly deduction is compulsory and a condition for the debtor's continued employment. *Id.* at 20. The *Colon Vazquez* court also found that "the $30.40 compulsory deduction is not a significant or substantial amount . . . and the deduction fulfills a public policy enunciated by the Legislature of the Commonwealth of Puerto Rico which this Bankruptcy Court will respect and uphold." *Id.*

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

2. Although the Trustee does not object to the deduction and repayment directed to AEELA in the instant case, this argument against the 3% deduction prompted AEELA to file its response to the Trustee's objection.

3. This Court agrees with lines of cases concluding that the same analysis applies to both

pension contributions and loan repayments. *See In re Nation,* 236 B.R. 150, 152 (Bankr. S.D.N.Y.1999) ("Precisely the same statutory and equitable analysis applies to a debtor's repayment to a savings or pension plan of money 'borrowed' from the plan"); *In re Guild,* 269 B.R. 470, 473 (Bankr.D.Mass. 2001) ("there is no meaningful difference between 401(k) loan repayment and contribution").

■ The Court does not see any compelling reasons to set aside the *Colon Vazquez* Case. The Trustee failed to present any evidence that the public policy regarding the government employees' savings and retirement has been changed over the years. Moreover, this Court agrees with the *Colon Vazquez* court that the amount of the deduction and the voluntary or mandatory nature of the retirement contribution are among the factors that the bankruptcy court should consider. Accordingly, the Trustee's request is denied.

The Trustee also argues that since the Bankruptcy Code preempts State law imposing compulsory retirement deductions from the Debtors' payroll, States may not pass or enforce law to interfere with or complement the Bankruptcy Code. The Respondents respond that Congress intended judicial interpretation to define "disposable income," and the Puerto Rico regulations are not conflicting with the Bankruptcy Code. The Trustee further argues that a case-by-case analysis in this jurisdiction would be extremely burdensome considering the existing caseload in Puerto Rico. Thus, the Trustee requests that the Court make a *per se* rule of exclusion of retirement contributions and loan repayments from disposable income for the purposes of § 1325(b). The Respondents object to a blanket prohibition against the allowance of such expenses, arguing that the Court should evaluate each debtor's case and make a decision on a case-by-case basis.

This Court does not agree with the Trustee's argument that § 1325(b)(2) preempts the Teachers' Retirement Act. The provisions of the Bankruptcy Code preempts only those State laws that are in conflict with federal law. *F.D.I.C. v. Torrefaccion Cafe Cialitos, Inc.*, 62 F.3d 439, 443 (1st Cir.1995). Under § 1325(b), the Court has the duty of deciding whether the debtor's expenses are reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor. Lawrence P. King, et al., COLLIER ON BANKRUPTCY ¶ 1325.08[4][b] (15th rev. ed.2004); *See In re Beckel*, 268 B.R. 179, 183 (Bankr. N.D.Iowa.2001). This duty would include carefully reviewing the rules and requirements of the Teachers' Retirement Act within the meaning of § 1325(b), but it does not require a finding that the Teachers' Retirement Act itself conflicts with § 1325(b).

■ The Court also does not agree with the Trustee that a *per se* rule should be adopted. Whether certain expenses are reasonably necessary for the debtor's maintenance and support is open to interpretation. *In re Beckel* at 183. The facts surrounding each individual case must be analyzed in order to make a fair determination as to whether the retirement fund contribution and loan repayments are reasonably necessary expenses. The U.S. Court of Appeals for the Second Circuit sets out relevant factors for the court to consider in making such a determination in the case of *New York City Employees' Retirement Sys. v. Sapir (In re Taylor)*, 243 F.3d 124, 129 (2nd Cir.2001). The *Taylor* court held:

the bankruptcy judge may consider any factors properly before the court, including but not limited to: the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor's fresh start; the number and nature of the debtor's dependents; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debtor's yearly

income; and any other constraints on the debtor that make it likely that the pension contributions are reasonably necessary expenses for that debtor. *Id.* at 129–30. These factors are adopted by other bankruptcy courts in the First Circuit, and this Court concurs. *See In re Husemann,* 2001 BNH 039 (Bankr.D.N.H. September 4, 2001); *In re Guild* at 474.

■ Applying these factors to the facts of this case, the Court finds that the Debtors' monthly retirement contributions of $274.42 are not disposable income. As stated above, the 6% monthly deduction is mandatory under Puerto Rico law. *See* 18 L.P.R.A. §§ 323 and 324. The Respondents argue that Puerto Rico teachers are excluded from participating in the Social Security program and will not have Social Security benefits when they retire. Beginning in 1951, States were allowed to enter into voluntary agreements with Social Security Administration to provide Social Security coverage and Medicare Hospital Insurance or Medicare coverage only to their public employees. This agreement is authorized under section 218 of the Social Security Act. 42 U.S.C. § 418. The Court is advised that a 218 agreement was entered between Puerto Rico and the Social Security Administration in 1951. But with respect to the teachers, the Teachers' Retirement Board, which was established in 1951, maintains a retirement system and provides retirement benefits in lieu of the Social Security Administration. Since the retirement contributions are substitutes of the Social Security contributions, the main objective of which is to ensure security and stability of living, these contributions are reasonably necessary to be expended for the maintenance or support of the Debtors.

■ However, the Court finds that the loan repayments of $586.06 are not reasonably necessary expenses. According to the description of the Teachers' Retirement Plan provided to the Court, the Teacher's Retirement Board will not setoff its loan against the repayment amount. If the loan repayments are stayed during the life of the Chapter 13 plan, the Debtors' retirement will be postponed until they pay off the loan with the required interest. But no evidence was presented at the hearing that the Debtors will be forced to terminate their jobs if they cease to repay the loan. No adverse tax consequences resulting from the Debtors' failure to repay the loan were alleged, either. On the other hand, had the Debtors contributed the loan repayments to their plan, the dividend to the general unsecured creditors would have substantially increased from 4% to 27%.

The fact that the Debtors failed to argue before the Court that their retirement is imminent and they need these retirement benefits when they retire is also relevant. The Debtor offered no evidence that the loan repayments were not disposable income. From their silence, it could be inferred that they do not disagree with the Trustee. Further, the Respondents also failed to show any extraordinary facts or circumstances that would make the loan repayments reasonably necessary expenses. Under the facts of this case and based on the record before the Court, the Court holds that the Debtors' loan repayments are disposable income, which must have been included in the plan.

### CONCLUSION

Having found that the retirement contributions are not disposable income, but the loan repayments are disposable income, the Trustee's objection is sustained in part and overruled in part. The confirmation of the Debtors' Chapter 13 plan is denied.

This opinion constitutes the Court's findings and conclusions of law in accordance

with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.